**Randall COPELAND, Movant–Respondent,**

v.

**STATE of Missouri, Respondent–Appellant.**

No. 26908.

Missouri Court of Appeals,
Southern District,
Division Two.

April 28, 2006.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Shaun J. Mackelprang, Office of Atty. Gen., Jefferson City, for appellant.

Mark A. Grothoff, Columbia, for respondent.

KENNETH W. SHRUM, Presiding Judge.

Randall Copeland ("Movant") sought post-conviction relief via a Rule 29.15 motion after he was convicted of statutory sodomy in the first degree (§ 566.062).[1] In his motion, Movant alleged that his trial lawyer was ineffective for failing to introduce into evidence at the criminal trial the deposition testimony of the child victim in the case. After an evidentiary hearing, the motion court vacated Movant's conviction and sentence.

The State appeals. We remand the case to the trial court. We do so because the order appealed from does not comply with Rule 29.15(j). Specifically, it does not contain sufficient findings of fact and conclusions of law on all issues that will allow for meaningful appellate review.

### STANDARD OF REVIEW

To prevail on a claim of ineffective assistance of counsel, a movant must show: First, that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances; and, second, that counsel's deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984). This prejudice is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068.

In a post-conviction case, an appellate court must affirm the rulings of the motion court unless it appears that its findings, conclusions, and judgment are "clearly erroneous." Rule 29.15(k); *Johnson v. State,* 102 S.W.3d 535, 537[1] (Mo. banc 2003). A motion court's findings and conclusions are clearly erroneous if, after a review of the entire record, the reviewing court is left with the definite and firm impression that a mistake has been made. *Id.* at 537[2].

### FACTS

The facts that underlie Movant's conviction are recounted in *State v. Copeland,* 95 S.W.3d 196 (Mo.App.2003), Movant's direct appeal. Suffice it to say that sufficient evidence existed for a jury to conclude Defendant sodomized his son ("Victim") by penetrating Victim's anus with his finger or penis. Victim did not testify at Movant's criminal trial, but statements he made to other witnesses were presented to the jury via testimony from those particular witnesses.

Before the criminal trial, Movant's attorney, James Stevens ("Stevens"), deposed Victim and intended to introduce this deposition at trial. He failed to do so, however. His explanation at the post-conviction hearing was that he "forgot about it."

During the deposition, Victim reluctantly answered questions. As Stevens explained it, "to get him to say anything took

---

**1.** All rule references are to Supreme Court Rules (2005), unless otherwise stated. All statutory references are to RSMo (2000), unless indicated differently.

some cajoling." In the deposition, Victim testified that Movant "beat" him with "his hands, boards and switches" and was usually doing drugs when this occurred. When Stevens asked, "What is it that you claim that your dad did that was inappropriate," Victim answered, "Nothing." Stevens' next question to Victim was, "Did he [Movant] ever touch you sexually?" Victim answered in the affirmative by nodding his head.

Later in the deposition, Stevens asked Movant the following leading question: "Now, you say he did not touch you inappropriately, but he did beat you?" Victim again answered by nodding his head. Thereon, Stevens went through the list of what Movant used to hit Victim (boards, hand, and switches), and Victim reaffirmed that the physical abuse occurred. Stevens ended the deposition by asking Victim, "But he didn't touch you sexually inappropriately?" and Victim said, "No."

At Movant's criminal trial, the defense strategy was to show the sexual abuse allegations were fabricated by Victim as a means of escaping Movant's home and the physical abuse. Movant now insists that Victim's deposition testimony would have bolstered his defense even though it contained contradictory statements of sexual abuse and revealed other negative aspects of Movant's character such as drug usage.

In his Rule 29.15 motion, Movant alleged, *inter alia*, that there was no reasonable trial strategy for failing to introduce Victim's deposition testimony that Movant did not sexually abuse Victim. Movant also claimed that "a reasonable probability exists that the jury would have believed [Victim's] sworn [deposition] statements over the hearsay statements of others, and they would have acquitted movant of first degree statutory sodomy."

Following an evidentiary hearing, the motion court granted Movant's post-con-viction relief via what it denominated "Findings, Conclusions and Judgment." Therein, the court started with a brief procedural history. It then declared generally that "Movant was denied effective assistance of counsel in violation of his Constitutional rights under the Sixth and Fourteenth Amendments ... in that his trial counsel ... failed to exercise the required customary skill and diligence that a reasonably competent attorney would have exercised under similar circumstances and Movant was prejudiced thereby." The only "analysis" provided in support of the finding was this: "That [Stevens] was ineffective ... in that he failed to introduce into evidence the deposition of the victim ... which contained exculpatory statements which *may have allowed* the jury to conclude that Movant was not guilty." (Emphasis added.) Based on this, the motion court vacated Movant's conviction and sentence and ordered a new trial. The State's appeal followed.

## DISCUSSION AND DECISION

█ In its brief, the State points to numerous deficiencies in the motion court's order and judgment. Specifically, it complains the motion court used the wrong standard when it ruled Movant was prejudiced by counsel's alleged error; that the standard is not whether the omitted or "forgotten" evidence *"may have"* led to an acquittal (as the motion court found), but whether there was a "reasonable probability" that the jury would have acquitted. *See Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. In conjunction with that, the State also complains that the motion court's findings were deficient in that they did not comport with nor contain the analysis mandated by *Strickland. Id.*

With those arguments made, the State then devotes most of its brief to arguments on why Movant was not prejudiced by the

failure to introduce Victim's deposition testimony. From that, the State urges outright reversal, i.e., we reverse without remand and deny Movant's post-conviction claim of ineffective assistance based on his lawyer's failure to put Victim's deposition before the jury.

■■■ Rule 29.15(j) mandates that a post-conviction court issue findings of fact and conclusions of law on all issues presented whether or not a hearing is held. *Morrison v. State*, 75 S.W.3d 893, 896[2] (Mo.App.2002). An appellate court's role in reviewing a post-conviction order and judgment is limited to determining if the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k); *State v. Ervin*, 835 S.W.2d 905, 928 (Mo.banc 1992). However, to perform its duty, an appellate court must have before it findings and conclusions from a motion court that are specific enough to permit meaningful review. *State v. Parker*, 886 S.W.2d 908, 932[102] (Mo.banc 1994); *Morrison*, 75 S.W.3d at 896. When a motion court's findings on an issue lack specificity to the point the appellate court cannot make a meaningful review, a remand for specific findings and conclusions on that issue is required. *Id.*

Here, the motion court found counsel ineffective for failing to introduce Victim's deposition testimony but did so without making any analysis of why it concluded the omission was ineffective assistance, and if so, why it prejudiced Movant. The fact that defense counsel admittedly "forgot" to introduce the deposition did not eliminate the need for analysis, fact findings, and conclusions of law. Forgetfulness as an explanation for failing to introduce the deposition did not automatically equate to a finding of ineffective assistance, nor did it mandate such a finding. It was imperative that the motion court give a reasoned answer to the following:

First, on the record presented, would it have been reasonable trial strategy to forego use of the subject deposition? Second, if the answer to the first question was "No," was there a reasonable probability that the outcome would have been different if the deposition had been admitted?

Here, those questions are unanswered. For example, we do not know if the motion court considered whether a reasonably competent attorney under the circumstances might have opted to keep Victim's deposition away from the jury since it supported (at least in one part) the State's case and also revealed negative aspects of Movant's character, i.e., his drug usage and physical abuse of Victim. Bearing in mind everything in Victim's deposition, did the trial court consider whether a reasonably competent lawyer could have decided to forego use of Victim's deposition as a matter of sound trial strategy? *Christeson v. State*, 131 S.W.3d 796, 799 (Mo.banc 2004) (holding reasonable choices of trial strategy, no matter how ill fated they appear in hindsight, cannot serve as a basis for a claim of ineffective assistance). Faced with only the motion court's conclusory finding of ineffectiveness and with no analysis of that prong of the *Strickland* standard, we cannot make a meaningful review.

Similarly, the motion court's decision on the prejudice prong is nothing more than a mere conclusion. Specifically, the motion court found that the exculpatory statement contained in the deposition "may have allowed the jury to conclude that Movant was not guilty." This, however, provides no clue as to "why" or "how" the motion court so decided. What was the motion court's assessment of the evidence in Movant's criminal trial, i.e., did the motion court view the evidence of Movant's guilt as overwhelming? *See, e.g., Anderson v. State*, 66 S.W.3d 770, 778 (Mo.App.2002)

(holding where overwhelming evidence of guilt exists, such that it cannot be said that, but for the challenged actions of trial counsel, the jury would have found movant not guilty beyond a reasonable doubt, the movant suffers no prejudice and his claim of ineffective assistance must be denied). Did the motion court, as part of its prejudice analysis, consider why the jury would have given more weight to the exculpatory part of Victim's deposition, i.e., where he denied sexual contact by Movant, than the inculpatory part (where Victim said sexual contact occurred)? This question is particularly relevant when, as here, the exculpatory answer came via a leading question from the defense during a deposition where the child victim was obviously reluctant to answer any questions.

The questions posited above are merely examples of relevant things the motion court might consider and answer via specific findings and conclusions. Certainly, they are not intended as an exhaustive or exclusive list. Each case will encompass its own peculiar facts, circumstances, and salient questions. The point is there must be some analysis of the post-conviction evidence in light of the evidence adduced at trial. Because of the absence here of any analysis and discussion of how the alleged ineffective assistance impacted the entirety of the case, we are left with nothing to review; consequently, remand is necessary. *Clayton v. State,* 164 S.W.3d 111, 115 (Mo.App.2005); *Crews v. State,* 7 S.W.3d 563, 567–569 (Mo.App.1999).

We also note that the motion court used the wrong standard. The court found that Victim's deposition statements "*may have allowed* the jury to conclude that Movant was not guilty." (Emphasis added.) The proper standard is found in *Strickland:* Whether an attorney's alleged deficient performance prejudiced the movant's case is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

What a jury "may" have done falls far short of this standard. As aptly stated by the United States Supreme Court:

> "Without a doubt, [an eyewitness's] testimony was prejudicial in the sense that it made petitioner's conviction more likely than if she had not testified, and discrediting her testimony might have changed the outcome of the trial.
>
> "That, however, is not the standard that petitioner must satisfy in order to obtain relief.
>
> . . . .
>
> "The District Court was surely correct that there is a reasonable *possibility* that either a total, or just a substantial, discount of [the witness's] testimony might have produced a different result. . . . As the District Court recognized, however, petitioner's burden is to establish a reasonable *probability* of a different result."

*Strickler v. Greene,* 527 U.S. 263, 289–91, 119 S.Ct. 1936, 1952–53, 144 L.Ed.2d 286 (1999); *see also State v. Gray,* 887 S.W.2d 369, 381 (Mo.banc 1994) (holding, "some conceivable effect on the outcome of the case" is insufficient to show prejudice); *Poyner v. Murray,* 964 F.2d 1404, 1420–21 (4th Cir.1992) (holding, "mere possibility" of prejudice is insufficient).

There certainly is a possibility that the jury might have seized on the exculpatory statement in the deposition as being the truth and used that to acquit Movant. That possibility, however, is not the proper standard. On remand, the motion court shall issue findings of fact and conclusions of law using the proper standard.

Finally, we note that the motion court failed to issue findings of fact and conclusions of law on all issues raised by Movant's Rule 29.15 motion. The parties agree that the motion court failed in this regard. On remand, the motion court shall issue findings of fact and conclusions of law on all issues raised in Movant's Rule 29.15 motion.

The judgment granting Movant's request for post-conviction relief is remanded with directions to the motion court to issue findings of fact and conclusions of law consistent with this opinion.

BARNEY, J., and BATES, C.J., concur.