**James David MERRICK, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SD 30343.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 4, 2010.

Nancy A. McKerrow, Columbia, for Appellant.

Chris Koster, Atty. Gen., Jayne T. Woods, Asst. Atty. Gen., Jefferson City, for Respondent.

DANIEL E. SCOTT, Chief Judge.

The error here permits us to be brief. James Merrick (Movant) was found guilty of two felonies and lost his direct appeal. *State v. Merrick*, 257 S.W.3d 676

(Mo.App.2008). He sought Rule 29.15[1] post-conviction relief, claiming his trial counsel was ineffective in 12 respects. The motion court held an evidentiary hearing, denied relief, but did not issue findings of fact or conclusions of law adequate for appellate review. We remand per Movant's Point I and these oft-cited principles:

> Rule 29.15(j) mandates that a post-conviction court issue findings of fact and conclusions of law on all issues presented whether or not a hearing is held. An appellate court's role in reviewing a post-conviction order and judgment is limited to determining if the findings and conclusions of the motion court are clearly erroneous. However, to perform its duty, an appellate court must have before it findings and conclusions from a motion court that are specific enough to permit meaningful review. When a motion court's findings on an issue lack specificity to the point the appellate court cannot make a meaningful review, a remand for specific findings and conclusions on that issue is required.

*Copeland v. State,* 190 S.W.3d 545, 548 (Mo.App.2006) (citations omitted).

The motion court received considerable evidence, including testimony from Movant, trial counsel, and other witnesses, then repeated two boilerplate sentences in describing and rejecting each of Movant's claims: "Movant alleges in this claim that trial counsel was ineffective by failing to [*brief description*]. There was no error here, and the claim that defense counsel was ineffective in this regard is without merit."[2]

Such rulings are too general for meaningful review (*Copeland, supra*), and we cannot infer findings and conclusions therefrom. *See Crews v. State,* 7 S.W.3d 563, 567 (Mo.App.1999). "The absence of findings or conclusions giving the basis for the trial court's action leaves an appellate court in the dark" and presents nothing of substance to review. *State v. Deprow,* 937 S.W.2d 748, 751 (Mo.App.1997), *quoted in Crews,* 7 S.W.3d at 567.[3]

Point I is well-taken; we cannot reach Movant's other points until it is addressed. We reverse and remand for findings of fact

---

1. Missouri Court Rules (2008).

2. To illustrate, the judgment reads:
   *CLAIM 8(a)*
   Movant alleges in this claim that trial counsel was ineffective by failing to file a motion to suppress pre-trial identification, identification at the Preliminary Hearing and in-court identification of Movant of [*sic*] the defendant. There was no error here, and the claim that defense counsel was ineffective in this regard is without merit.
   *CLAIM 8(b)*
   Movant alleges in this claim that trial counsel was ineffective by failing to call William Wren to testify at trial. There was no error here, and the claim that defense counsel was ineffective in this regard is without merit.
   *CLAIM 8(c)*
   Movant alleges in this claim that trial counsel was ineffective by failing to call Patsy Wren to testify at trial. There was no error

here, and the claim that defense counsel was ineffective in this regard is without merit.
   This pattern is repeated nine more times, followed by a half-page "Summary" which did not specifically address any claim, but *inaccurately* faulted Movant for (1) not calling trial counsel to testify, and (2) voluntarily dismissing his direct appeal where, according to the motion court, many of Movant's claims "would have been better addressed." The State expressly concedes that "trial counsel did testify extensively at [Movant]'s evidentiary hearing, contrary to the motion court's indication," and Movant did *not* voluntarily dismiss his direct appeal.

3. *Crews,* 7 S.W.3d at 568, cites five exceptions to the requirement for findings and conclusions. No exception applies here and the State does not claim otherwise.

and conclusions of law which comply with Rule 29.15(j). *See Crews,* 7 S.W.3d at 569.

RAHMEYER, P.J., and FRANCIS, J., concur.