**Kevin Darnell SMITH, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 72074.**

Missouri Court of Appeals, Western District.

July 19, 2011.

S. Kate Webber, for Appellant.

James B. Farnsworth, for Respondent.

Before Division Three: JOSEPH M. ELLIS, Presiding Judge, VICTOR C. HOWARD, Judge and THOMAS H. NEWTON, Judge.

JOSEPH M. ELLIS, Judge.

Kevin Smith appeals from the denial of his Rule 29.15 motion for post-conviction relief following an evidentiary hearing. For the following reasons, the judgment is reversed and the cause is remanded.

Appellant was convicted by jury of two counts of first-degree tampering, § 569.080; one count of felony stealing, § 570.030.3; one count of misdemeanor stealing, § 570.030.8; and one count of misdemeanor possession of drug paraphernalia, § 195.233. On February 15, 2007, the trial court sentenced Appellant, as a prior and persistent offender, to two consecutive ten-year terms of imprisonment on the tampering counts to be served concurrently with three concurrent one-year terms on each of the other counts. Appellant's convictions and sentences were affirmed by this Court on direct appeal. *State v. Smith,* 241 S.W.3d 864 (Mo.App. W.D. 2008).

Following his direct appeal, Appellant filed a motion for post-conviction relief under Rule 29.15, asserting eleven different ways in which counsel was allegedly ineffective. An amended motion was subsequently filed by appointed counsel, incorporating the claims that had been asserted in Appellant's original motion and asserting seven additional claims.

The motion court granted Appellant an evidentiary hearing on his motion but, in response to a motion filed by the State, the trial court precluded Appellant from presenting evidence on four of the claims asserted in counsel's amended motion. Following the evidentiary hearing, the motion court entered its judgment finding that Appellant's first claim, that trial counsel was ineffective for failing to call an appraisal expert to testify that the total value of the stolen goods related to the felony stealing count was less than $500, was meritorious and setting aside that conviction. The motion court denied all of Appellant's seventeen remaining claims, simply stating:

> Movant failed to allege specific facts as to the remainder of his claims. The trial attorney used his discretion in making trial strategy decisions. Nothing was presented during the evidentiary hearing which would amount to ineffective assistance of counsel. Therefore, as to the remainder of Movant's claims, the Motion under Rule 29.15 is overruled.

After the denial of his motion, Appellant filed a motion to amend the judgment pursuant to Rule 78.07(c), asking the court to include additional findings of fact and conclusions of law on the claims that were denied. Appellant claimed that the findings issued by the court were insufficient under Rule 29.15(j) in that they would not allow for meaningful appellate review. After the motion court failed to rule on the motion to amend judgment in the time allowed by rule, Appellant filed a timely notice of appeal.

In his first point on appeal, Appellant contends that the motion court clearly erred when it denied his Rule 29.15 motion without issuing sufficient findings of fact and conclusions of law to allow for meaningful appellate review as required by Rule 29.15(j). "Rule 29.15(j) mandates that a post-conviction court issue findings of fact and conclusions of law on all issues presented whether or not a hearing is held." *Merrick v. State,* 324 S.W.3d 469,

470 (Mo.App. S.D.2010) (internal quotation omitted). "An appellate court's role in reviewing a post-conviction order and judgment is limited to determining if the findings and conclusions of the motion court are clearly erroneous." *Id.* (internal quotation omitted). "This standard of review, however, presupposes that the motion court carried out its obligation to issue findings of fact and conclusions of law on all issues presented." *Hollingshead v. State*, 324 S.W.3d 779, 781 (Mo.App. W.D. 2010) (internal quotation omitted).

■■■ "While there is no precise formula to which findings of fact and conclusions of law must conform, this is not an ambiguous requirement, nor is it simply a formality." *Bode v. State*, 316 S.W.3d 406, 411 (Mo.App. W.D.2010) (internal quotation omitted). "The motion court is not required to issue itemized findings of fact and conclusions of law, but its findings and conclusions must be specific enough to allow an appellate court to conduct a meaningful review." *Id.* (internal quotation omitted). "Supplying the necessary findings and conclusions by implication would constitute an improper *de novo* review on appeal." *Hollingshead*, 324 S.W.3d at 781 (internal quotation omitted). "A motion court's failure to issue findings of fact and conclusions of law as required by Rule 29.15(j) is error and generally necessitates that the case be remanded with a directive to make the required findings."[1] *Bode*, 316 S.W.3d at 411 (internal quotation omitted).

Unfortunately, the findings of fact and conclusions of law entered in this case on the claims that were denied are clearly insufficient to allow this Court to meaningfully review the motion court's decision.

"Meaningful appellate review is premised upon sufficiently specific findings of fact and conclusions of law that are responsive to a movant's claims." *Johnson v. State*, 210 S.W.3d 427, 431 (Mo.App. S.D.2006).

From the judgment, we cannot perceive what "specific facts" the motion court concluded that Appellant failed to aver in his motion that were necessary to his various claims. Furthermore, the general comment that trial counsel "used his discretion in making trial strategy decisions" does not allow us to know what claims that finding relates to or what trial strategy decisions the trial court believed counsel exercised discretion on, nor does it address the issue of whether a reasonably competent attorney could have exercised his or her discretion in that manner. Likewise, the general comment that "[n]othing was presented at the evidentiary hearing which would amount to ineffective assistance of counsel" is too general to allow for meaningful review and certainly cannot relate to those claims upon which Appellant was not allowed to present evidence.

■■■ "The absence of findings or conclusions giving the basis for the trial court's action leaves an appellate court in the dark and presents nothing of substance for review." *Merrick*, 324 S.W.3d at 470. Accordingly, the motion court's judgment granting Appellant's motion and amended motion under Rule 29.15 with respect to his claim that trial counsel should have introduced alternative evidence regarding the value of the stolen tools, and vacating and setting aside Appellant's conviction for felony stealing, is affirmed. As to all other claims contained in Appellant's motion or amended motion, the motion court's judg-

---

1. Missouri case law has recognized five exceptions to Rule 29.15(j)'s findings and conclusions requirement. *Merrick v. State*, 324 S.W.3d 469, 470 (Mo.App. S.D.2010). However, the State does not assert that this case falls within any of those exceptions, and none appear to apply.

ment is reversed, and the cause is remanded for entry of findings of fact and conclusions of law that comply with Rule 29.15(j).

All concur.