**Richard BENEDICT, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 63165.**

Missouri Court of Appeals, Western District.

July 27, 2004.

John Maurice Schilmoeller, Susan L. Hogan, Appellate Defender Office, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Deborah Daniels, Linda Lemke, Office of Attorney General, Jefferson City, for Respondent.

Before PAUL M. SPINDEN, Presiding Judge, RONALD R. HOLLIGER, Judge, and LISA WHITE HARDWICK, Judge.

RONALD R. HOLLIGER, Judge.

Richard Benedict sought reversal of his convictions for first-degree murder, section 565.020, RSMo 2000,[1] and armed criminal action, section 571.015, by filing a Rule 29.15 motion alleging ineffective assistance of his trial counsel. Benedict appeals the court's denial of his motion claiming that the judgment did not contain sufficient findings of fact and conclusions of law as required by Rule 29.15(j). Because we find that the motion court did not include findings of fact and conclusions of law on all issues presented to it, we vacate the judgment and remand.

## Facts and Procedural History

After a bench trial, Richard Benedict was convicted of first-degree murder, section 565.020, and armed criminal action, section 571.015, for killing eleven-year-old Michaela McClelland by repeatedly striking her with a hammer. Benedict received a life sentence for the murder conviction and a fifty-year sentence for the armed criminal action conviction, both sentences to be served consecutively. This court affirmed Benedict's convictions on direct appeal. *State v. Benedict*, 79 S.W.3d 912 (Mo.App.2002). He subsequently filed a Rule 29.15 motion for post-conviction relief alleging that he received ineffective assistance when his trial counsel did not move to suppress statements he made to the police at the time of his arrest and did not explain to him why such a motion was not made.

The court denied Benedict's motion without a hearing. Benedict appeals the motion court's judgment claiming that it contained insufficient findings of fact and conclusions of law as required by Rule 29.15(j). The State concedes that the judgment is deficient in this respect and should be remanded.

## Standard of Review

Appellate review of a court's action on a Rule 29.15 motion is limited to a determination of whether the court's findings of

1. All citations are to RSMo 2000, unless otherwise indicated.

fact and conclusions of law are clearly erroneous. Rule 29.15(k).

## Discussion

■■■ Rule 29.15(j) requires the motion court to "issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." This is not an ambiguous requirement, nor is it simply a formality. *Smith v. State,* 118 S.W.3d 691, 693 (Mo.App.2003). The motion court is not required to issue itemized findings and conclusions, but they must be specific enough to allow an appellate court to conduct a meaningful review. *Shelton v. State,* 129 S.W.3d 484, 485 (Mo.App.2004). "A mere recital or statement that the files and record conclusively refute a claim for relief under the rule will not suffice, nor will they be supplied by implication." *Blackmon v. State,* 102 S.W.3d 90, 92 (Mo. App.2003) (citation omitted).

■■ In the judgment the motion court outlined Benedict's claims and concluded:

At the time of sentencing, the Court inquired concerning the movant's dissatisfaction with trial counsel. Based upon a review of the evidence at trial and the Court's observations, the Court determined that there was no probable cause to believe that trial counsel was ineffective.

The Court was properly vested with jurisdiction at the time of the sentence. The sentence imposed was not illegal. There was no denial or infringement of the rights given the movant by the constitution of Missouri or the constitution of the United States as to render the judgment subject to collateral attack. Accordingly, the Court finds that the allegations of the pro se motion and the amended motion for post-conviction relief have not been established. The motion for post-conviction relief is hereby DENIED. The movant's request for evidentiary hearing is also DENIED.

The motion court failed to address the specific issues raised by Benedict's Rule 29.15 motion. Nowhere in the judgment does the motion court say anything about its evaluation of Benedict's claim that he received ineffective assistance because his trial attorneys did not move to suppress statements he made to the police. The findings of fact and conclusions of law do not, therefore, comply with Rule 29.15(j), and the judgment must be vacated and remanded.

PAUL M. SPINDEN, Presiding Judge, and LISA WHITE HARDWICK, Judge, concur.