Antonio SLATER, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 63469.

Missouri Court of Appeals,
Western District.

Oct. 26, 2004.

Jeannie Willibey, Appellate Defender Office, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Deborah Daniels, Karen Kramer, Attorney General Office, Jefferson City, for Respondent.

RONALD R. HOLLIGER, Presiding Judge.

Once again we are unfortunately presented with an issue regarding a criminal defendant's right to testify that can and should be avoided in every criminal case by a simple record that trial court and counsel should ensure be made. Antonio Slater contends that the trial court erred in denying his Rule 29.15 motion after an evidentiary hearing because his due process rights were violated because trial counsel in the underlying criminal case precluded him from testifying in his own defense. Absolutely no record was made at trial as to whether Slater would testify let alone a record that Slater understood that it was his decision to make and that he did or did not want to testify.

### Facts

Antonio Slater was charged as a prior offender in the Circuit Court of Jackson County with one count of drug trafficking in the second degree. The case went to a jury trial on July 10, 2001, where Slater was found guilty of the lesser offense of possession of a controlled substance. Viewed in the light most favorable to the verdict, the evidence adduced at trial established the following:

Around June 21, 2000, the Kansas City Police Department performed a controlled drug buy at 1326 East 12th Street, Kansas City, Missouri, the residence of Antonio Slater's mother, Linda Slater, and James Harper. On June 28, 2000, a squad team of the Kansas City Police Street Narcotics Unit executed a search warrant on the 1326 East 12th Street residence. The officers gained entry through the living room and immediately encountered two people who were detained. The team moved next to the kitchen where they encountered Harper and Linda Slater. After detaining the individuals in the kitchen, the officers proceeded to secure the rest of the premises. In the hallway leading to the back bedrooms, the officers encountered Antonio Slater. The officers ordered Slater to move to the living room where he was detained.

After securing the premises, the police began to search. On the bed in the southeast bedroom, the officers found crack cocaine and three loaded handguns. On the floor next to the bed, the officers found additional loose crack cocaine. From the top of a dresser located approximately two feet from the bed, the police recovered individually packed rocks of crack cocaine. In the dresser drawer the officers found Antonio Slater's picture identification. The police recovered a total of 4.03 grams of crack cocaine from the southeast bedroom of the house.

Antonio Slater was arrested and advised of his Miranda rights. Slater agreed to talk to the police. He told the officers that he was living with his girlfriend but was occasionally staying at his mother's house. Slater said that on June 28, 2000, he arrived in the house intending to visit his mother shortly before the police executed the search warrant. Slater stated that before the police arrived, he had in his possession a bag of crack cocaine and the three handguns the police found in the bedroom. Appellant admitted possessing the weapons on other prior occasions, but denied ownership. Appellant also admitted that he knew that drugs were sold from the house, but denied that he was selling the drugs and declined to tell the police the identity of the seller.

Slater did not testify in his defense. After being found guilty by the jury of possession of a controlled substance, Slater was sentenced on October 4, 2001, as a prior drug offender to five years in prison. During the sentencing proceeding, Mr. Slater complained that he had wanted to testify on his own behalf but that his attorney would not call him to testify. Slater's defense counsel told the court that Slater made the decision not to testify after he advised him not to testify. The court found that there was "no probable cause to believe that counsel [was] ineffective."

The Western District affirmed Slater's conviction and sentence on direct appeal in an unreported opinion issued on February 19, 2003. (WD 60559).

Subsequently, Slater filed a *pro se* Rule 29.15 motion for post-conviction relief. Appointed counsel filed an amended motion alleging that trial counsel was ineffective for "failing to call Mr. Slater as a witness in his own defense, in violation of his fundamental constitutional right to testify on his own behalf." On August 19, 2003, the motion court held an evidentiary hearing, at which the court took judicial notice of the underlying criminal file and testimony was heard from both Slater and his defense counsel.

Slater testified that on a number of occasions, he and his defense attorney discussed whether or not Slater should testify at trial. Slater testified that he told his defense counsel that he wanted to testify but that counsel told him it was in his best interest not to testify because of Slater's previous felony convictions. Slater testified that he believed that he could not testify, because his defense counsel told him "he wasn't going to let him."

Slater's defense counsel testified in response that he has represented clients in approximately twenty jury trials and it is his standard practice to inform every client that it is the client's decision about whether to testify. Defense counsel testified that he advised Slater not to testify after several "long conversations" regarding the issue and that he believed that Slater knew full well that the decision to testify was Slater's.

On August 19, 2003, the motion court entered "Findings of Fact and Conclusions of Law" denying Slater's post-conviction relief motion. The motion court found that Slater understood that the decision to testify was his and that Slater "made the decision [not to testify] based upon counsel's advice."

### *Standard of Review*

Appellate review of a motion court's denial of a Rule 29.15 motion for post-conviction relief is limited to a determination of whether the findings and conclusions of the court are clearly erroneous. Rule 29.15(k); *Luster v. State*, 10 S.W.3d 205, 209 (Mo.App. W.D.2000). Findings of fact and conclusions of law are clearly erroneous only if, after a review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made. *Id.* at 209–10.

To prevail on a claim of ineffective assistance of counsel, a movant must satisfy a two-prong test: (1) counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney; and (2) that the movant was thereby prejudiced. *Bucklew v. State*, 38 S.W.3d 395, 397 (Mo. banc 2001). There is no presumption of prejudice merely because counsel's performance was deficient. *Helmig v. State*, 42 S.W.3d 658, 667 (Mo.App. E.D.2001). To demonstrate prejudice a defendant must show there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Bucklew*, 38

S.W.3d at 399. Should a movant fail to satisfy either element, the appellate court on review need not consider the other. *State v. Allen,* 954 S.W.2d 414, 417 (Mo. App. E.D.1997).

### Analysis

■ The absolute authority to make certain fundamental decisions in criminal cases, including whether to testify, is a personal right of the defendant that cannot be made by counsel. *Kenney v. State,* 46 S.W.3d 123, 128 (Mo.App.2001). Slater argues that his trial counsel prevented him from testifying in his own defense. Slater testified at the evidentiary hearing that he wanted to testify and tell the jury "my side" of the story, but that trial counsel did not advise him that it was his choice. Slater alleged at the evidentiary hearing that if allowed to testify at trial he would have told the jury the following: that he did not match the description of the person who had earlier sold drugs at the controlled buy; that he did not tell the police that he possessed a bag of crack prior to the arrival of the squad team; and that he told the police that he only came to the residence to visit.

Slater's trial counsel testified that it is his practice "in every occasion" to inform his clients that the decision about testifying is theirs to make. Counsel testified that he discussed several times the pros and cons of testifying with Slater, and that there were potential risks in putting him on the stand, in that Slater had prior convictions for drug possession and robbery. Trial counsel affirmed that Slater made the decision not to testify after he advised Slater that he should not testify. Trial counsel acknowledged that Slater was reluctant not to take the stand, but affirmed that he would have put Slater on the stand if Slater wanted to testify. Trial counsel testified that he believed that Slater was aware that he could testify, and then made the final decision to take counsel's advice not to testify.

■ Trial counsel's advice to his client about whether or not to testify is a matter of trial strategy which, barring exceptional circumstances, is not a ground for post-conviction relief. *State v. Silas,* 885 S.W.2d 716, 722 (Mo.App.1994). In denying Slater's motion for post-conviction relief, the motion court found that Slater understood that the decision was his and decided not to testify. Although the motion court made no express finding of credibility it would necessarily have been required to disbelieve his testimony to have found against him on this ground.

■ Where testimony is in conflict, the appellate court gives deference to the trial court's findings as to credibility of witnesses. *Stenzel v. State, Dep't of Revenue,* 536 S.W.2d 163, 166–67 (Mo.App. 1976). The motion court is not required to believe the testimony of the movant or any other witness at an evidentiary hearing on a motion for post-conviction relief, even if uncontradicted. *Colbert v. State,* 7 S.W.3d 471, 474 (Mo.App.1999).

Slater's case bears much similarity to *Silas v. State,* where another criminal defendant claimed that his defense counsel precluded him from testifying at his trial. 885 S.W.2d 716 (Mo.App.1994). The movant in *Silas* argued at the hearing that he had wanted to testify at his trial but counsel would not allow it. *Id.* at 722. Trial counsel testified that he told the defendant that it was his (defendant's) decision whether or not to testify, but had also strongly urged him not to because he "made a bad witness." *Id.* After hearing this evidence the motion court denied the motion for post-conviction relief and the Court of Appeals affirmed, holding that the motion court's decision was not clearly erroneous because it is the motion court's

province to make credibility determinations between conflicting testimony. *Id.*

Once again we remind trial courts and criminal counsel that the issues raised here can almost always be avoided by making the simple record at the close of the State's evidence that is suggested in the Bench Book for Missouri Trial Judges, CR Chapter 2 Section 1.b (1999).

The judgment is affirmed.

PATRICIA BRECKENRIDGE, Judge, and JOSEPH M. ELLIS, Judge, concur.