**MARK E. BROOM, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 64429.**

Missouri Court of Appeals,
Western District.

Oct. 18, 2005.

---

Ruth Sanders, Kansas City, MO, for appellant.

Shaun J. Mackelprang, Jefferson City, MO, for respondent.

Before SMITH, C.J., ULRICH and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Mark Broom appeals the denial of his Rule 29.15 [1] motion following an evidentiary hearing. We reverse and remand because the motion court failed to make findings of fact and conclusions of law as required by Rule 29.15(j).

Broom was convicted of first-degree murder, first-degree assault, and two counts of armed criminal action. He was sentenced respectively to life in prison without the possibility of parole and three consecutive thirty-year terms. The convictions were affirmed on appeal. *State v. Broom*, 39 S.W.3d 927 (Mo.App.2000) (mem.).

Broom filed a *pro se* Rule 29.15 motion that was amended by appointed counsel. The amended motion argued trial counsel provided ineffective assistance in failing to call Broom as a witness, in failing to confront the state's key witness with an out-of-court statement, and in failing to investigate and call certain witnesses at trial.

The motion court dismissed Broom's motion declaring the *pro se* motion as untimely filed. On appeal, we reversed the motion court's determination and remanded the post-conviction case to the motion court. *Broom v. State*, 111 S.W.3d 563 (Mo.App.2003).

On remand, the motion court denied Broom's claims after an evidentiary hearing and entered the following judgment:

Now on this 8th day of January, 2004, Movant appeared in person and by Appellate Public Defender, Ruth Sanders. Respondent, State of Missouri appeared by Assistant Prosecuting Attorney, Holly Malone. Evidence was heard on Movant's Motion for Post–Conviction Relief.

Being advised in the premises, the Court Orders as follows:

**IT IS HEREBY ORDERED** that Movant's Motion for Post–Conviction Relief is DENIED.

**IT IS FURTHER ORDERED** that defendant be returned to Jackson County Department of Corrections to the Missouri Department of Corrections forthwith.

**IT IS SO ORDERED.**

Broom now appeals from this judgment, contending the motion court erred in denying his motion without issuing findings of fact and conclusions of law as required by Rule 29.15(j). [2] He argues the failure to do so constitutes reversible error. *Blackmon v. State*, 102 S.W.3d 90 (Mo.App.2003).

We agree. Rule 29.15(j) instructs the motion court to issue "findings of fact and conclusions of law on all issues

---

1. All rule citations are to Missouri Rules of Procedure (2005) unless otherwise noted.

2. "Rule 29.15(j) Findings and Conclusions—Judgment. The court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held."

presented, whether or not a hearing is held." The requirements of rules "are not a mere formality." *Crews v. State,* 7 S.W.3d 563, 567 (Mo.App.1999). The motion court's decision "must be sufficient to permit meaningful appellate review" and the findings and conclusions cannot be supplied by implication from the court's ruling. *Id.*

Our review of the motion court's ruling on post-conviction relief is limited to a determination of whether the court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). Without such findings and conclusions, we are unable to provide meaningful review of the claims on appeal. The State concedes the error and joins Broom in requesting remand. Accordingly, the judgment is reversed and the cause remanded to the motion court for findings of fact and conclusions of law.

All concur.