Gary L. WEEKLEY, Movant–
Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 28743.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 22, 2008.

Kent Denzel, Assistant Public Defender, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Assistant Attorney General, Jefferson City, MO, for respondent.

DON E. BURRELL, Presiding Judge.

Gary Weekley ("Movant") appeals the denial of his request for post-conviction relief brought under Rule 29.15.[1] Movant's sole point on appeal alleges that the motion court denied him the opportunity for meaningful appellate review by failing to make findings of fact and conclusions of law.

## I. Factual and Procedural Background

■ Movant was charged with the class C felony of second-degree burglary, a violation of section 569.170,[2] as a prior and persistent offender.[3] Movant was found guilty after a jury trial and the trial court sentenced him to a term of twenty years in the Missouri Department of Corrections. Movant timely filed a *pro se* motion and requested an appointment of counsel. Counsel was appointed and filed an amended motion on Movant's behalf that set forth various typewritten allegations of trial counsel deficiencies. The amended motion also "attached" all of Movant's hand-written allegations that had originally been set forth in his *pro se* motion.[4]

The motion court held an evidentiary hearing on the amended motion. The witnesses who testified at the hearing were Movant, Movant's trial attorney, Robert Smith ("Smith"), and Ricky Carmack ("Carmack"), a co-defendant who had entered into a plea agreement with the State that required him to testify at Movant's trial. Following the evidentiary hearing, the motion court[5] entered an unsigned docket entry which stated:

> Hon. J. Max Price, Senior Judge: Cause called. Mr. Weekly [sic] appears not

---

1. Unless otherwise indicated, all references to rules are to Missouri Rules of Criminal Procedure (2008).

2. Unless otherwise indicated, all references to statutes are to RSMo (2000).

3. "A 'prior offender' is one who has pleaded guilty to or has been found guilty of one felony." Section 558.016.2 "A 'persistent offender' is one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times." Section 558.016.3. Under the sentence enhancement statute in effect at the time this case was tried, a person found to be a persistent offender and convicted of a class C felony was eligible to receive a sentence of "a term of years not to exceed twenty years." Section 558.016.7.

4. Some of these attached claims were duplicative of those brought within the typewritten portions of the amended motion. "[T]he better practice is for counsel to include the claims from movant's earlier *pro se* motions within the body and text of counsel's amended motion, and in that way to assure compliance with the Rule 24.035(e) requirement that appointed counsel supplement and perfect the factual and legal allegations in the *pro se* motions." *Reynolds v. Missouri*, 994 S.W.2d 944, 946 (Mo.1999). The language of rule 29.15(e) is identical to that of rule 24.035(e). Use of this method should prevent the unnecessary repetition of substantially identical claims. This method does not address, however, what this writer sees as a potential conflict between the requirement of rules 24.035(e) and 29.15(e) that require post-conviction counsel to present all of a client's *pro se* claims to the court and the requirement that a member of the bar present only claims that are "not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law." Rule 4–3.1.

5. The record does not indicate why a different judge from the one who conducted the evidentiary hearing on the amended motion (and who also presided over the underlying criminal trial) entered the docket entry denying relief. While we do not hereby determine that such a procedure is mandatory, the preferred practice would be to have the neces-

since he is in D.O.C. His attorney, Mr. Karl Hinkebein sent letter which was stamped filed by the Clerk on July 12, 2007. The Court has examined letter and file contents. State appears by Mr. Scott Killen, Prosecuting Attorney of Iron County standing in for Ms. Rebecca Burns, Prosecuting Attorney of Wayne County. Motion to Vacate, Set Aside, or Correct Judgment taken up considered, overruled and denied. Clerk to notify attorneys of record of the above and foregoing. (JMP/kb/jm)

No other findings and conclusions were entered by the motion court.

## II. Standard of Review

Our review of the denial of a motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law ("findings and conclusions") are clearly erroneous. Rule 29.15(k). The findings and conclusions are clearly erroneous only if a review of the record leaves this Court with a definite and firm impression that a mistake has been made. *Morrow v. State*, 21 S.W.3d 819, 822 (Mo.2000).

■ Rule 29.15 requires the motion court to "issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." Rule 29.15(j). The motion court is not required to issue itemized findings and conclusions and there is no precise formula to which findings and conclusions must conform, but they must be sufficient to permit "meaningful" appellate review. *State v. Taylor*, 929 S.W.2d 209, 223–24 (Mo.1996); *Anderson v. State*, 84 S.W.3d 501, 506 (Mo.App. S.D.2002); *Broom v. State*, 173 S.W.3d 681, 683 (Mo.App. W.D.2005). The findings and conclusions need only be responsive to the issues raised. *State v.*

*Hamilton*, 817 S.W.2d 8, 11 (Mo.App. W.D. 1991).

■ A motion court's failure to issue findings of fact and conclusions of law as required by Rule 29.15(j) is error and generally necessitates that the case be remanded with a directive to make the required findings. *See, e.g., Broom*, 173 S.W.3d at 682–83; *Mitchell v. State*, 50 S.W.3d 342, 343 (Mo.App. S.D.2001). There are, however, several exceptions to this general rule: 1) no conclusion of law is required where "an isolated issue [is] overlooked by the motion court [and] it is clear that movant is entitled to no relief as a matter of law and will suffer no prejudice by being denied a remand;" 2) no findings and conclusions are required when "the motion court grants a hearing on the motion and the movant fails to present substantial evidence at the hearing to support that allegation;" 3) findings and conclusions are not required when the issues are not properly raised or are not cognizable in a post-conviction motion; 4) reversal is not required where the post-conviction motion was in itself insufficient and ineffective; and 5) no findings are required where the only issue is one of law. *Crews v. State*, 7 S.W.3d 563, 568 (Mo.App. E.D. 1999). Affirmation of the denial of a post-conviction motion made without written findings and conclusions may also occur if "the correctness of the motion court's action is clear from the record." *Gilliland v. State*, 882 S.W.2d 322, 326 (Mo.App. S.D. 1994).

## III. Analysis

The docket entry made by the motion court does not satisfy the requirements of Rule 29.15(j). While the State concedes that the motion court's denial of post-conviction relief is "not in the form envisioned

sary findings and conclusions issued by the judge who actually conducted the hearing.

under Rule 29.15," it argues that under the "unique circumstances" of this case a remand is unnecessary because the order denying relief is adequate to permit meaningful appellate review. Specifically, the State contends that each of Movant's claims falls within one of the exceptions recognized in *Crews* and *Gilliland*. We will, therefore, review each of Movant's claims to determine whether, under the "unique circumstances" of this case, no remand for entry of the required findings and conclusions is necessary.

### A. Failure to Present Evidence Exception

■■■ A review of the transcript confirms that Movant provided no evidence in support of the following claims: 1) that trial counsel unreasonably failed to call various witnesses to testify at Movant's trial; 2) that trial counsel failed to seek a hearing for purposes of disqualifying the trial court judge based on various remarks the judge made to or about Movant prior to the trial; and 3) that trial counsel failed to provide Movant with copies of all discovery materials. "It is well-settled that a movant's failure to present evidence at a hearing to provide factual support for a claim in his or her post-conviction motion constitutes an abandonment of that claim." *Watson v. State*, 210 S.W.3d 434, 438 (Mo. App. S.D.2006). As such, Movant has effectively abandoned these claims and there is no need to remand the case for the entry of findings and conclusions on them.

### B. Allegations of Trial Court Error

■■■ The portion of Movant's amended motion that "attaches" his previous *pro se* motion claims several errors attributed to

either the jury or the trial judge. Movant claims the trial judge erred by not providing the jury with all of the jury instructions and that the jury erred by not following the instructions it did receive. Claims of instructional error "are not cognizable in post-conviction proceedings and therefore do not require specific findings." *Anderson*, 84 S.W.3d at 506. Even if these alleged errors were reviewable *via* a motion for post-conviction relief, the record shows that the jury was provided with all of the instructions and Movant's other claim—that because all twelve jurors actually signed the verdict form (instead of the foreperson alone as indicated by the instructions) they must necessarily have also failed to follow other instructions of the court—is unsupported speculation.

### C. No Relief as a Matter of Law

■■■ Movant claims his trial counsel was ineffective for failing to object to the jury's failure to follow the jury instructions. At the evidentiary hearing, Movant failed to present any evidence that would show how Movant was prejudiced by the fact that all twelve of the jurors signed the verdict form, nor can we imagine what such evidence would be.[6] Mere conclusory speculations of prejudice by Movant are not considered substantive evidence of counsel's ineffectiveness. *See Hamilton*, 817 S.W.2d at 12. As a result, the correctness of the motion court's denial of relief on this particular claim is clear from the record as a matter of law and there is no need to remand for findings on it.

### D. Other Ineffective Assistance of Counsel Claims

The remainder of Movant's claims allege deficient performance by his trial counsel,

6. In fact, had the jury verdict been signed by the foreperson alone, Movant would have had the absolute right to have the jury polled to make sure that the verdict was agreed to by each juror. Rule 29.01(d); *St. Louis County v. Pennington*, 830 S.W.2d 553, 554 (Mo.App. E.D.1992).

and, arguably, at least some evidence was presented in support of them. To prevail on a claim of ineffective assistance of counsel, Movant must satisfy a two-prong test: First, Movant must show that counsel's performance was deficient in that counsel failed to exercise the customary skills and diligence that a reasonably competent attorney would exercise under similar circumstances. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The attorney's use of reasonable discretion in a matter of trial strategy is not ineffective assistance; it is the exceptional case where a court will hold a strategic choice unsound. *State v. White,* 798 S.W.2d 694, 698 (Mo.1990). Second, counsel's deficient performance must have prejudiced defendant. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. Prejudice exists only when trial counsel's error is outcome determinative. *State v. Harris,* 870 S.W.2d 798, 814 (Mo.1994).

■ The State contends no remand for findings and conclusions is necessary on these claims because Movant failed to produce substantial evidence to support them. Substantial evidence is competent evidence having probative value from which a trier of fact can reasonably decide the case. *Watson,* 210 S.W.3d at 438. The burden is on Movant to present substantial evidence . to support the grounds asserted for post-conviction relief. *Id.*

■ Movant claims his trial counsel was ineffective for unreasonably: 1) failing to enter Carmack's prior written statement "into evidence" for the purpose of impeaching his differing trial testimony; 2) failing to *voir dire* the jury and seek a mistrial after Movant told him that members of the jury panel had seen Movant being escorted into the courthouse in shackles; 3) refusing to withdraw from representing Movant while he was also representing Carmack and Movant had re-

quested "conflict-free" counsel; 4) failing to object to the State's introduction of photographs depicting the ransacked inside of the home of one of the victims that were irrelevant to his taking of a sewing machine from its front porch and served only to prejudice the jury against him; and 5) failing to move to disqualify the trial judge after Movant had requested him to do so on the grounds that Movant was told by a fellow jail inmate that he (the inmate) had overheard one of the victims (a deputy sheriff) telling another deputy "[t]hat he was a friend of [the trial judge] and that he would have [the trial judge] break it off in [Movant's] ass."

At the hearing, Movant testified briefly as to each of these claims. Smith testified that he could not remember whether choosing not to *voir dire* individual jurors about whether they had seen Movant in shackles was part of his trial strategy or not. Smith denied that Movant had asked him to withdraw as his attorney and said that he had never been a part of negotiating Carmack's plea agreement with the State. Smith also denied that Movant had asked him to file any motion seeking to disqualify the trial judge. Carmack testified that he was not being represented by Smith when he received his "deal" from the State.

Because these matters involve credibility determinations and the motion court's assessment of any resulting prejudice, it is impossible to give them any meaningful appellate review without the benefit of the motion court's findings and conclusions. *Anderson,* 84 S.W.3d at 505 ("Witness credibility is a determination exclusively for the motion court, which is free to believe or disbelieve any evidence, whether contradicted or undisputed."). To supply findings of fact and conclusions of law by implication is something we cannot do. *See Crews,* 7 S.W.3d at 567.

We therefore remand the case and direct the motion court to enter findings of fact and conclusions of law on Movant's claims that: 1) trial counsel unreasonably failed to *voir dire* the jury and seek a mistrial after the jury observed Movant being transported in shackles; 2) trial counsel unreasonably failed to withdraw from representing Movant upon Movant's request for "conflict-free" counsel; 3) trial counsel unreasonably failed to object to the admission of photographs of the inside of a victim's home; 4) trial counsel unreasonably failed to move to disqualify the trial judge on the grounds that he would be influenced by one of the victims; and 5) trial counsel unreasonably failed to use a prior inconsistent written statement to impeach Carmack's differing trial testimony.

LYNCH, C.J., and PARRISH, J., concur.