Paul E. TAYLOR, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 68964.

Missouri Court of Appeals,
Western District.

Oct. 28, 2008.

Mark Allen Grothoff, Columbia, MO, for appellant.

Shaun Mackelprang, Jefferson City, MO, for respondent.

Before JOSEPH ELLIS, P.J., RONALD HOLLIGER and JOSEPH DANDURAND, JJ.

JOSEPH P. DANDURAND, Judge.

Paul Taylor appeals the judgment of the trial court denying his Rule 29.15 motion for post-conviction relief. Mr. Taylor raises two points on appeal. In his first point on appeal, Mr. Taylor claims that he received ineffective assistance of counsel because his trial counsel failed to introduce into evidence a witness's incident report, which was inconsistent with the witness's testimony. In his second point on appeal, Mr. Taylor claims the motion court clearly erred by failing to enter adequate findings of fact and conclusions of law as to each allegation raised by Mr. Taylor in his Rule 29.15 motion. The second point is granted, and the judgment is reversed and remanded with instructions that the motion court make sufficient findings of fact and conclusions of law.

Because Mr. Taylor's second point is dispositive and because the motion court failed to make sufficient findings on Mr. Taylor's first point, we will not address Point I herein.

### Background

In September of 2003, Paul Taylor was an inmate at Algoa Correctional Center. On September 26, 2003, Mr. Taylor had just finished visiting his parents and was in the process of being taken back to his housing unit. After visits, inmates are taken to a "strip-out" or "dress-out" room adjacent to the visiting room where they change their clothes and are strip-searched.

While testifying at trial, Sergeant Frank Milton stated that he escorted Mr. Taylor to the strip-out room and, along with Officer Kevin Alderman, removed Mr. Taylor's handcuffs and instructed Mr. Taylor to remove his clothing. Thereafter, a physical altercation occurred between Sergeant Milton, Mr. Taylor, and other corrections officers, which resulted in Mr. Taylor being charged with the class B felony of committing violence against an employee of the Department of Corrections.

During the cross-examination of Sergeant Milton, Mr. Taylor's counsel attempted to impeach Sergeant Milton with inconsistencies between his testimony and his incident report written the day of the alleged offense. Mr. Taylor's trial counsel did not offer the report, which was marked as Defendant's Exhibit A, into evidence. At trial, Mr. Taylor gave a version of events different than that given by Sergeant Milton.

During its deliberations, the jury sent a note to the court requesting exhibits, including Sergeant Milton's incident report. Because the report had not been entered into evidence, however, the court could not provide it to the jury. The jury found Mr. Taylor guilty of the class B felony as charged. He was sentenced to seven years imprisonment to run concurrently with the sentence he was already serving.

Mr. Taylor appealed, and this court affirmed his conviction. *State v. Taylor*, 173 S.W.3d 659 (Mo.App. W.D.2005). On November 16, 2005, Mr. Taylor filed a *pro se* motion for post-conviction relief. On February 16, 2006, Mr. Taylor's counsel filed an amended motion on Mr. Taylor's behalf, alleging that Mr. Taylor received ineffective assistance of counsel because: (1) his trial counsel failed to rephrase questions during *voir dire* after the court sustained the State's objection; and (2) his trial counsel failed to offer Sergeant Milton's incident report into evidence.

On May 9, 2006, Mr. Taylor filed a notice with the court waiving an evidentiary hearing and submitted his case on the pleadings. On March 13, 2007, the motion court issued a handwritten judgment denying Mr. Taylor's post-conviction motion. The judgment stated:

> Movant's Request to Vacate his judgment and sentence is denied. Movant's trial counsel Jan King was not ineffective, as a review of the transcript shows, for failing to offer defendant's Exhibit A into evidence or for failing to rephrase a question after the Court had in part validated defense counsel's point.

This appeal followed.

## Scope of Review

Appellate review of the denial of a post-conviction motion is limited to a determination of whether the findings of fact and conclusions of law of the motion court are clearly erroneous. Rule 29.15(k); *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000). Findings of fact and conclusions of law are clearly erroneous only if, after a review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made. *Moss*, 10 S.W.3d at 511.

## Analysis

In his first point on appeal, Mr. Taylor claims that he received ineffective assistance of counsel because his trial counsel failed to introduce into evidence Sergeant Milton's incident report, which conflicted with Sergeant Milton's trial testimony. In his second point on appeal, Mr. Taylor claims the motion court clearly erred by failing to enter adequate findings of fact and conclusions of law as to each allegation raised by Mr. Taylor in his Rule 29.15 motion. Mr. Taylor claims this failure deprives him of the opportunity for meaningful appellate review of his post-conviction motion. We agree.

Under Rule 29.15, a motion court is required to issue findings of fact and conclusions of law on each issue presented, regardless of whether or not an evidentiary hearing is held. *Franklin v. State*, 24 S.W.3d 686, 692 (Mo. banc 2000). While "[t]here is no precise formula to which findings of fact and conclusions of law must conform," *State v. Taylor*, 929

S.W.2d 209, 223–24 (Mo. banc 1996)(quotation marks and citations omitted), "[t]his is not an ambiguous requirement, nor is it simply a formality." *Benedict v. State,* 139 S.W.3d 264, 266 (Mo.App. W.D.2004). The motion court is not required to issue itemized findings of fact and conclusions of law, but its findings and conclusions "must be specific enough to allow an appellate court to conduct a meaningful review." *Id.* The motion court's judgment states that Mr. Taylor's trial counsel "was not ineffective, as a review of the transcript shows, for failing to offer defendant's Exhibit A into evidence or for failing to rephrase a question[.]" This is a mere conclusion. The motion court's judgment contains no findings of fact, and this court may not imply such findings. "Findings and conclusions cannot be supplied by implication from the court's ruling." *Garner v. State,* 62 S.W.3d 716, 719 (Mo.App. W.D.2001)(quotation marks and citation omitted). Without sufficient findings from the motion court, we cannot meaningfully review Mr. Taylor's Rule 29.15 motion.

### Conclusion

The motion court erred by failing to make sufficient findings of fact and conclusions of law in its ruling on Mr. Taylor's post-conviction motion. The judgment is reversed, and the case is remanded to the motion court to make detailed findings of fact and conclusions of law in accordance with Rule 29.15(j).

ELLIS, P.J., and HOLLIGER, J., concur.