Matthew L. BODE, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 70311.

Missouri Court of Appeals,
Western District.

April 27, 2010.

Application for Transfer Denied
Aug. 31, 2010.

S. Kate Webber, for Appellant.

Daniel N. McPherson, for Respondent.

Before Division Two: JOSEPH M. ELLIS, Presiding Judge, VICTOR C. HOWARD, Judge and JAMES E. WELSH, Judge.

JOSEPH M. ELLIS, Judge.

Mathew Bode appeals from the denial of his Rule 29.15 motion for post-conviction relief by the Circuit Court of Platte County. For the foregoing reasons, the motion court's decision is reversed in part.

Appellant was tried by jury and convicted of one count of robbery in the first degree, § 569.020;[1] one count of armed criminal action, § 571.015; and one count of possession of a controlled substance (cocaine base), § 195.202. Appellant was subsequently sentenced as a prior and persistent offender to consecutive terms of twenty years imprisonment on the robbery count, ten years on the armed criminal action count, and seven years on the possession count. Appellant's convictions and sentences were affirmed by this Court on direct appeal. *State v. Bode*, 221 S.W.3d 479, 479–80 (Mo.App. W.D.2007).

Appellant filed a timely *pro se* motion for post-conviction relief under Rule 29.15. An amended motion was subsequently filed by appointed counsel. Following an evidentiary hearing, the motion court denied Appellant's motion. Appellant brings three points on appeal.

"Our review of the motion court's denial of a Rule 29.15 motion is limited to determining whether the findings and conclusions of the motion court are clearly erroneous." *Stiers v. State*, 229 S.W.3d 257, 260 (Mo.App. W.D.2007) (citing Rule 29.15(k)). "A judgment is clearly erroneous when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Storey v. State*, 175 S.W.3d 116, 125 (Mo. banc 2005) (internal quotation omitted).

"To prevail on an ineffective assistance of counsel claim, [Appellant] must show that (1) trial counsel's performance was deficient in that he failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and (2) the deficient performance prejudiced [Appellant]." *State v. Rich*, 950 S.W.2d 337, 339 (Mo.App. W.D.1997) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). "To establish ineffectiveness, a defendant must show that counsel's representation fell below an objective standard of reasonableness." *Storey*, 175 S.W.3d at 125 (internal quotation omitted). " 'We presume counsel to be competent, requiring proof to the contrary by a preponderance of the evidence.' " *Stiers*, 229 S.W.3d at 260 (quoting *State v. Taylor*, 929 S.W.2d 209, 224 (Mo. banc 1996)). "As to prejudice, a claimant must demonstrate prejudice by showing that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *James v. State*, 222 S.W.3d 302, 304 (Mo.App. W.D.2007) (internal quotation omitted). "Appellant must establish both the performance and prejudice prongs of this test in order to prevail on a

---

1. All statutory references are to RSMo 2000 unless otherwise noted.

claim of ineffective assistance, and if he fails to satisfy either prong, we need not consider the other." *Id.*

In his first point, Appellant claims that the motion court clearly erred in concluding that counsel was not ineffective for refusing to allow Appellant to testify in his own defense. Appellant argues that the record demonstrates that he did not knowingly waive his right to testify and that counsel refused to allow him to testify. He further contends that prejudice must be presumed as resulting from counsel's failure to allow him to testify.

■ In making this argument, Appellant views the evidence presented at the evidentiary hearing and inferences drawn therefrom in the light most favorable to himself. While Appellant testified that counsel failed to fully explain his right to testify and that counsel rested his case despite Appellant's requests that he be allowed to testify, the trial court was not required to accept any of that testimony as credible. *Slater v. State*, 147 S.W.3d 97, 101 (Mo.App. W.D.2004). Contrary to Appellant's testimony, Counsel testified that, while he could not recall his specific discussion with Appellant, he normally explains to all his clients the pros and cons of testifying and that he was sure he had discussed the possibility of testifying with Appellant. Counsel further stated that he likely discussed the fact that Appellant's prior convictions would almost certainly be placed into evidence if he testified and that he probably advised Appellant against tes-

tifying for that reason. Counsel said that the ultimate decision whether to testify or not had rested with Appellant.[2] Viewing the record in accordance with our standard of review, the motion court did not clearly err in finding that Appellant had failed to prove his claims.

■ Moreover, Appellant wholly failed to prove that he sustained any prejudice as a result of counsel not calling him to testify in his own defense. Contrary to Appellant's contention on appeal, to be entitled to any relief, he was required to prove that he suffered prejudice as a result of counsel's failure to present Appellant's testimony at trial. *See Williams v. State*, 205 S.W.3d 300, 314–15 (Mo.App. W.D.2006); *Lawrence v. State*, 160 S.W.3d 825, 831 (Mo.App. S.D.2005). At the evidentiary hearing, Appellant did not describe, in any fashion, what his testimony would have been had he testified at trial. Accordingly, the motion court had no means of assessing whether Appellant's testimony would have aided or been detrimental to Appellant's case. The motion court properly found that the record did not establish that, but for counsel's failure to call Appellant to testify, the result of the proceeding would have been different. *James*, 222 S.W.3d at 304. Point denied.

■ In his second point, Appellant claims that the motion court clearly erred in finding that counsel was not ineffective for failing to obtain a mental evaluation of Appellant. He further claims the motion hearing record established by a prepon-

2. "The absolute authority to make certain fundamental decisions in criminal cases, including whether to testify, is a personal right of the defendant that cannot be made by counsel." *Slater v. State*, 147 S.W.3d 97, 101 (Mo.App. W.D.2004). "A criminal defendant has a constitutional right to testify on his own behalf and because that right to testify is a fundamental constitutional guarantee, only the defendant himself is empowered to waive

that right." *Hurst v. State*, 301 S.W.3d 112, 118 (Mo.App. E.D.2010). "Although the decision to testify rests solely with the defendant, a defendant is entitled to receive reasonably competent advice." *Id.* However, "[t]rial counsel's advice to his client about whether or not to testify is a matter of trial strategy which, barring exceptional circumstances, is not a ground for post-conviction relief." *Slater*, 147 S.W.3d at 101.

derance of the evidence that he had not been competent to stand trial.

"Section 552.020.1 states that '[n]o person who as a result of mental disease or defect lacks capacity to understand the proceedings against him or to assist in his own defense shall be tried, convicted or sentenced for the commission of an offense so long as the incapacity endures.'" *Zink v. State*, 278 S.W.3d 170, 183 (Mo. banc 2009). "The standard for competence to stand trial is whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him." *Id.* (internal quotation omitted) "A defendant is presumed competent to stand trial, and the burden is on the defendant to show he is incompetent." *Id.*

When considering whether trial counsel was ineffective for failing to investigate whether the defendant is incompetent to stand trial, "this Court must look to the reasonableness of counsel's conduct from counsel's perspective at the time and eliminate hindsight from consideration." *Cook v. State*, 193 S.W.3d 378, 386 (Mo. App. S.D.2006). "The suspicion or actual presence of some degree of mental illness or need for psychiatric treatment does not equate with incompetency to stand trial." *Id.* (internal quotation omitted). "An investigation is unnecessary when an accused has the ability to rationally consult with his attorney and understand the court proceedings." *Williams v. State*, 111 S.W.3d 556, 560 (Mo.App. W.D.2003).

Trial counsel testified that, while Appellant appeared to have some mental issues, he did not appear to be incompetent to stand trial. Counsel testified that Appellant had been able to discuss the case with him, including potential witnesses and issues that might arise.

The motion court found counsel's testimony to be credible and did not believe Appellant's testimony about his condition prior to and during trial. The court also noted physician's notes from Appellant's medical treatment while awaiting trial in the Platte County Jail that indicated that Appellant, while depressed and anxious about his trial, was alert and oriented at all times, was not overtly psychotic, and was cognitively intact. The court also relied upon its own observations of Appellant during the course of trial. Based upon the foregoing evidence, the motion court did not clearly err in determining that trial counsel was not ineffective for failing to obtain a mental evaluation of Appellant's competence to stand trial.

Appellant also failed to prove prejudice, in that he has not offered any credible evidence establishing that he would, indeed, have been found to be incompetent to stand trial. *Thomas v. State*, 249 S.W.3d 234, 239 (Mo.App. E.D.2008). "[T]he suspicion or actual presence of some degree of mental illness or need for psychiatric treatment does not equate with incompetency to stand trial." *Id.* (internal quotation omitted). Whether a post-conviction movant was able to consult with his counsel with a reasonable degree of rational understanding and was able to sufficiently understand the proceedings against him, despite his alleged mental condition, is a factual determination for the motion court. *Id.* The motion court found counsel's testimony that Appellant was able to consult with him and appeared to understand what was going on to be credible. The motion court also found that Appellant's testimony related to his condition at the time of trial was not credible, and Appellant did not present any medical evidence establishing incompetence. The motion court properly found that Appellant

failed to prove that he would have been able to successfully raise an incompetence challenge to his trial had counsel pursued a mental evaluation. Point denied.

In his final point, Appellant claims that the motion court clearly erred and violated his right to due process when it failed to include findings of fact and conclusions of law addressing the claims from his *pro se* motion. He contends that the lack of such findings precludes meaningful appellate review.

In his *pro se* motion, Appellant raised four additional claims that were not addressed in his amended motion but were adopted by reference in that motion. Appellant claims (1) that appellate counsel was ineffective for failing to raise a claim that the trial court erred in failing to advise Appellant of his right to testify or to make a finding on the record that Appellant knowingly, intelligently, and voluntarily had waived that right, (2) that trial counsel was ineffective for failing to file and pursue a motion to suppress the store clerk's identification of Appellant as the robber, (3) that trial counsel was ineffective for failing to file a motion to suppress the hooded sweatshirt identified by the clerk and failing to object to its admission at trial, and (4) that trial counsel was ineffective for failing to obtain an interpreter or auxiliary aids for his mental disability under the Americans with Disabilities Act.

"Under Rule 29.15, a motion court is required to issue findings of fact and conclusions of law on each issue presented...." *Taylor v. State*, 269 S.W.3d 42, 44 (Mo.App. W.D.2008). "While there is no precise formula to which findings of fact and conclusions of law must conform, this is not an ambiguous requirement, nor is it simply a formality." *Id.* at 44–45 (internal quotations and citations omitted). "The motion court is not required to issue itemized findings of fact and conclusions of law, but its findings and conclusions must be specific enough to allow an appellate court to conduct a meaningful review." *Id.* at 45 (internal quotation omitted).

"A motion court's failure to issue findings of fact and conclusions of law as required by Rule 29.15(j) is error and generally necessitates that the case be remanded with a directive to make the required findings." *Weekley v. State*, 265 S.W.3d 319, 322 (Mo.App. S.D.2008). "There are, however, several exceptions to this general rule...." *Id.* One of these exceptions arises where "the motion court grants a hearing on the motion and the movant fails to present substantial evidence at the hearing to support that allegation." *Id.* (internal quotation omitted). Where the movant has failed to present evidence at the hearing to provide factual support for a claim in his or her postconviction motion, the claim is deemed to have been abandoned, and no finding by the motion court is required. *Id.* at 323.

Appellant failed to present any evidence supporting his first, third, and fourth *pro se* claims. As such, those claims are deemed to have been abandoned, and the motion court was not required to issue any findings related thereto.

The only *pro se* claim on which Appellant presented any evidence was his claim that counsel was ineffective for failing to file and pursue a motion to suppress the store clerk's identification of him. During the evidentiary hearing, Appellant asked counsel why he didn't attempt to have the court suppress or exclude from evidence the store clerk's identification of him as the robber from a photographic lineup. Counsel responded that he made no attempt to do so because he did not believe that the photographic lineup was suggestive or otherwise objectionable. However, the trial court was not required to accept counsel's testimony as credible or

as correct as a matter of law. As judicial notice was taken of the record in the underlying criminal conviction, the photographic lineup and the testimony related thereto were in evidence for the motion court to review to determine whether a reasonably competent attorney would have objected thereto and, if so, whether the defendant suffered prejudice as a result of that failure.

"Meaningful appellate review is premised upon sufficiently specific findings of fact and conclusions of law which are responsive to the movant's claim." *Gaddis v. State*, 121 S.W.3d 308, 311 (Mo.App. W.D.2003). As the record could conceivably have supported a finding by the motion court in favor of Appellant on his claim related to the photographic lineup, as unlikely as that result may appear to be, the motion court was required to issue findings of fact and conclusions of law on the subject. *Taylor*, 269 S.W.3d at 44. Since the motion court's findings of fact and conclusions of law do not address Appellant's claim in any fashion, the motion court's decision fails to comply with Rule 29.15(j). *Benedict v. State*, 139 S.W.3d 264, 266 (Mo.App. W.D.2004). This Court may not supply the necessary findings and conclusions by implication as doing so would constitute improper *de novo* review on appeal. *Gaddis*, 121 S.W.3d at 311.

Accordingly, the case is reversed and remanded with directions that the motion court enter findings of fact and conclusions of law addressing Appellant's *pro se* claim that counsel was ineffective for failing to file and pursue a motion to suppress the store clerk's identification of him. In all other respects, the judgment is affirmed.

All concur.