**Bradley SNEED, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 99839.**

Missouri Court of Appeals, Eastern District, Division 2.

Oct. 29, 2013.

Roxanna A. Mason, St. Louis, MO, for Appellant.

Chris Koster, Attorney General, Dora A. Fichter, Asst. Attorney General, Jefferson City, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

Bradley Sneed ("Movant") appeals from the denial of his Rule 29.15 motion for post-conviction relief without an evidentiary hearing. Movant argues the motion court clearly erred in failing to issue findings of fact and conclusions of law. We reverse and remand for the specific purpose of allowing the motion court to issue findings of fact and conclusions of law.

Movant was charged with one count of driving while intoxicated, Section 577.010 RSMo 2000. Following a jury trial, Movant was convicted on that count and sentenced to twelve years of imprisonment as a chronic DWI offender. This court affirmed Movant's convictions and sentences on direct appeal in *State v. Sneed*, 362 S.W.3d 481 (Mo.App. E.D.2012).

Movant filed a *pro se* Rule 29.15 motion alleging ineffective assistance of counsel. Upon appointment of post-conviction counsel, Movant filed an amended motion. The motion court issued an order denying Movant's motion without an evidentiary hearing. This appeal follows.

As a general rule, the trial court is required to issue findings of fact and conclusions of law on all issues presented in a Rule 29.15 motion, whether or not an evidentiary hearing is held. Rule 29.15(j). Recognized exceptions to this general rule include: (1) if the only issue is one of law, the motion court is not required to make findings of fact but must still make conclusions of law; (2) if the motion court con-

ducted an evidentiary hearing for the post-conviction motion and no substantial evidence was presented to support the allegation for which the court failed to make findings; (3) if the court fails to issue a proper conclusion of law on an isolated issue and it is clear that the movant is not entitled to relief as a matter of law and will suffer no prejudice if remand is denied; (4) if the issues were not properly raised or are not cognizable in a post-conviction motion; and (5) if the motion was insufficient. *Muhammad v. State,* 320 S.W.3d 727, 729 (Mo.App. E.D.2010).

The motion court's order does not include findings of fact or conclusions of law. A review of the record indicates none of the exceptions to the general rule requiring findings of fact and conclusions of law apply in this case. Therefore, we must remand so that the motion court can issue the appropriate findings and conclusions.

We reverse and remand for the specific purpose of allowing the motion court to issue findings of fact and conclusions of law.

LAWRENCE E. MOONEY, P.J. and SHERRI B. SULLIVAN, J., concur.