

# In the Missouri Court of Appeals
## Eastern District

DIVISION TWO

| | | |
|---|---|---|
| JOHN C. DUVALL, | ) | No. ED100738 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Marion County |
| vs. | ) | |
| | ) | Hon. John J. Jackson |
| STATE OF MISSOURI, | ) | |
| | ) | Filed: |
| Respondent. | ) | June 17, 2014 |

John Duvall was convicted in 2001 after a jury trial on three counts of statutory sodomy; the judgment on those convictions was affirmed on direct appeal. See State v. Duvall, 90 S.W.3d 503 (Mo. App. E.D. 2002). In 2003, Duvall filed a *pro se* Rule 29.15 motion, and counsel was appointed and filed a timely amended motion. Thereafter, private counsel was retained and appeared at the evidentiary hearings on Duvall's motion. The motion was denied. On appeal from that judgment, Duvall claimed that the motion court erred in denying his motion because he had been abandoned by post-conviction counsel and also claimed that the motion court should not have allowed counsel to appear at the evidentiary hearings because Duvall had fired him. We found no merit in these claims of error and affirmed. See Duvall v. State, 201 S.W. 3d 67 (Mo. App. E.D. 2006). Then, in 2013, Duvall filed the instant motion to re-open his Rule 29.15 proceedings, again claiming abandonment by post-conviction counsel on the grounds that he did not consent to the actions taken on his behalf by appointed or private counsel. The motion court denied Duvall's motion in a docket entry and did not enter findings or conclusions.

Duvall appeals, claiming that the motion court erred by failing to enter findings and conclusions. He requests remand, but does not otherwise challenge the correctness of the motion court's denial.

The State points out that Duvall has failed to preserve his challenge to the form of this judgment because he did not first file a motion in the motion court seeking to amend the judgment to include specific findings or conclusions. "In all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review." Rule 78.07(c); Gerlt v. State, 339 S.W.3d 578, 584-85 (Mo. App. W.D. 2011) (Rule 78.07(c) applicable to post-conviction proceedings). But in this case, no findings and conclusions were required because—despite being called an abandonment claim—Duvall's motion does not sufficiently state a cognizable post-conviction claim. See Sneed v. State, 412 S.W.3d 903, 903-904 (Mo. App. E.D. 2013) (listing exceptions to Rule 29.15(j) requirement of findings and conclusions).

Abandonment is the complete failure to act. Gehrke v. State, 280 S.W.3d 54, 58 (Mo. banc 2009). There can be no abandonment by post-conviction counsel when counsel has actually filed a timely amended Rule 29.15 motion. Eastburn v. State, 400 S.W.3d 770, 773-75 (Mo. banc 2013). Duvall alleges in his motion to re-open that counsel filed an amended Rule 29.15 motion and appeared at evidentiary hearings on his behalf; his complaint is that counsel took these actions without Duvall's consent and without conferring with Duvall. But counsel's actions did not deprive Duvall of meaningful review of the merits of his claims for post-conviction relief—those claims was timely filed, fully heard and finally ruled on by the motion court. Even the allegation that post-conviction counsel acted without Duvall's consent has been

reviewed previously by this Court and found to be without merit.    See <u>Duvall</u>, 201 S.W. 3d at 67.

Duvall's motion to re-open is an attempt to file an impermissible successive post-conviction motion.  His complaints about counsel are not true abandonment claims, but rather ineffective assistance of post-conviction counsel claims, which are "categorically unreviewable." <u>Eastburn</u>, 400 S.W.3d at 774.  Having failed to state a cognizable basis for re-opening his post-conviction proceedings, the motion court properly denied Duvall's motion and was not required to issue findings and conclusions.  Remanding for the issuance of findings and conclusions would serve no purpose in this case, as the correctness of the motion court's denial is clear.  <u>See</u> <u>Weekley v. State</u>, 265 S.W.3d 319, 323 (Mo. App. S.D. 2008).

The judgment is affirmed.

_____
ROBERT G. DOWD, JR., Judge

Lawence E. Mooney, P.J. and
Sherri B. Sullivan, J., concur.

3