Gary D. Witt, Judge
Justin Heller ("Heller") appeals the denial of his Rule 24.035 motion for post-conviction relief.[1] In his motion, Heller claimed that he should be discharged from one of his convictions for receipt of stolen property because his guilty plea was not knowing, voluntary, and intelligent and his incarceration was a violation of his rights to due process and freedom from double jeopardy. The motion court rejected Heller's claims. Finding no error, we affirm.
Factual and Procedural Background
On April 20, 2011, at 4:25 a.m., Cameron police officer Dustin McCloud saw a blue Chevrolet pickup truck pulling a flatbed trailer traveling north on Highway 69 in Clinton County. The officer attempted to stop the vehicle because the trailer had no functioning taillights. When the truck stopped, the officer approached Heller, the driver, and asked for his driver's license and proof of insurance. Heller produced his license, which was suspended. Heller looked in the glove compartment of the truck but was unable to produce proof of insurance. The officer then checked the license plate on the truck through dispatch, which informed him that the truck was reported stolen. The trailer was also reported stolen.
Another officer arrived and asked Heller to step out of the truck. He refused and drove off. The officers pursued using lights and sirens. The officers reported that they were in pursuit of a stolen vehicle, and Sergeant J.H. Thompson ("Sergeant Thompson") of the Highway Patrol heard the dispatch and joined the pursuit.
The pursuit ended when Heller crashed the truck on Interstate 35. Heller fled on *467 foot and Sergeant Thompson pursued him. When Sergeant Thompson caught up to Heller, a struggle ensued and Heller gained possession of Sergeant Thompson's gun. Heller fired a round from the weapon and ordered Sergeant Thompson to handcuff himself to a tree. Sergeant Thompson refused and Heller fled on foot again. He then stole a Dodge Caravan and fled in that vehicle. Following an additional pursuit by law enforcement he was ultimately arrested in Clinton County.
Heller was charged in the Circuit Court of Clinton County with first-degree assault of a law enforcement officer, tampering with a motor vehicle, two counts of felony receiving stolen property, felony resisting arrest, unlawful use of a weapon, misdemeanor driving while revoked, and careless and imprudent driving. On June 26, 2012, Heller appeared before the circuit court, and entered guilty pleas pursuant to a plea agreement in which the State agreed to dismiss the charge of assault of a law enforcement officer in exchange for appellant's open guilty pleas[2] to the rest of the counts.
The State presented to the trial court the facts stated above, which Heller admitted. Heller admitted that regarding Count III, he received the truck knowing that it had been stolen and with the purpose to deprive the owner of the pickup truck. He then separately admitted that regarding Count IV, he received the trailer knowing that it had been stolen and with the purpose to deprive the owner of the trailer. Heller also filed a plea petition, which stated that the truck was stolen, the truck was attached to a trailer, and that both the truck and the trailer were stolen.
At the plea hearing, Heller stated that he understood the range of punishment and that the court could impose up to the maximum sentence consecutively on each count. Heller also stated that, understanding all that was discussed, he still wished to plead guilty. The trial court accepted his guilty plea.
At a sentencing hearing, Heller was sentenced to consecutive terms of seven years for tampering with a motor vehicle and each count of receiving stolen property. He also received consecutive sentences of four years each for resisting arrest and unlawful use of a weapon, for a total sentence of 29 years.
On January 31, 2013, Heller filed a pro se motion to vacate, set aside, or correct the judgment or sentence pursuant to Rule 24.035. Appointed counsel timely filed an amended motion. Heller raised two related claims: (1) that the convictions for the two counts of receiving stolen property violated his right to be free from double jeopardy because they rested on Heller receiving the stolen truck and trailer in the same transaction, and (2) there was an insufficient factual basis for his guilty plea because the factual basis only established one count of receiving stolen property, not two counts because the truck and trailer were attached to each other.
At an evidentiary hearing, Heller testified that he received the truck and trailer at the same time and retained them together as a unit until he was stopped by Cameron police. He alleged that counsel would testify that he had told her this information and that she received no evidence from the prosecution refuting the claim. Counsel testified that because the truck and the trailer were stolen from two *468 different victims at two different locations, she believed the evidence showed that "they were legitimately two different receivings." She did not recall if she talked to Heller about this issue, but, because she believed the evidence supported separate receiving stolen property counts, she did not know "that [she] would have ever thought that" double jeopardy would have been relevant.
Heller testified that, when he received the truck and trailer, they were attached to each other, "ready to get in the truck and drive away with them." Heller further testified that he did not want to set aside his entire guilty plea.
On October 9, 2013, the motion court entered findings of fact and conclusions of law denying Heller's motion. As to Heller's claim regarding the lack of factual basis, the motion court concluded that Heller was not required to admit during the guilty plea the specific times the property was received or that the truck and trailer were separated when he received them as those were not elements of the offense, and that there was a sufficient factual basis for his plea.
As to Heller's claim regarding double jeopardy, the motion court found that nothing in the record of Heller's criminal case indicated that Heller's convictions for two counts of receiving stolen property violated the double jeopardy clause. This timely appeal followed.
Standard of Review
Our review of the denial of a Rule 24.035 motion "is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous." Garris v. State , 389 S.W.3d 648, 650 (Mo. banc 2012) (quoting Cooper v. State , 356 S.W.3d 148, 152 (Mo. banc 2011) ). We will not deem the motion court's findings and conclusions clearly erroneous unless we are " 'left with the definite and firm impression that a mistake has been made.' " Id. (quoting Cooper , 356 S.W.3d at 152 ). The movant bears the burden of demonstrating clear error. Id. at 650-51.
Wallar v. State , 403 S.W.3d 698, 705 (Mo. App. W.D. 2013). "At a post-conviction relief evidentiary hearing, the motion court determines the credibility of the witnesses and is free to believe or disbelieve the testimony of any witness, including that of the Movant." Hurst v. State , 301 S.W.3d 112, 117 (Mo. App. E.D. 2010).
Analysis
Heller raises three points on appeal. In Heller's first point on appeal, he argues that the motion court clearly erred in overruling his Rule 24.035 motion because his guilty plea was not knowing, voluntary, and intelligent since the plea court did not establish a factual basis for distinguishing Counts III and IV of receiving stolen property. In Heller's second point on appeal, he argues that the motion court clearly erred when denying his claim in his Rule 24.035 motion regarding lack of factual basis because the motion court applied the wrong standard of review. In Heller's third point on appeal, Heller argues that the motion court clearly erred in overruling his Rule 24.035 motion because his guilty plea was not knowing, voluntary, and intelligent since the record shows he received the truck and trailer at the same time, as they were hitched together and remained that way the entire time he had them, which violates his freedom from double jeopardy.
Point One
In Point One, Heller argues that the motion court clearly erred in overruling his Rule 24.035 motion because Heller established that his plea was not knowing, *469 voluntary, and intelligent since there was no factual basis to establish that he received two separate items of stolen property. Heller argues that because the truck and trailer were attached, it constituted a singular unit. Heller argues that because the truck and trailer were a singular unit, he could not be charged separately for possessing the stolen truck and trailer.
Pursuant to section 570.080.1,[3] "[a] person commits the crime of receiving stolen property if for the purpose of depriving the owner of lawful interest therein, he or she receives, retains or disposes of property of another knowing that it has been stolen, or believing that it has been stolen." See State v. Wright , 383 S.W.3d 1, 5 n.2 (Mo. App. W.D. 2012) ("The elements of receiving stolen property are: (1) receiving, retaining, or disposing, (2) property of another, (3) for purposes of depriving the owner of lawful interest therein, and (4) knowing or believing that property has been stolen."). A factual basis exists if the record shows the factual elements necessary to constitute the offense and that the defendant understood those elements. Jackson v. State , 535 S.W.3d 347, 349 (Mo. App. E.D. 2016). "The trial court does not need to explain every element of the crime, so long as the defendant understands the nature of the charges against him or her, and the facts recited by the prosecutor establish commission of the crime." Id. There is no requirement that each and every possible defense to the charge be explained to the defendant in open court and the defendant acknowledge and waive each defense.
Solely because the truck and the trailer were connected, does not make them one unit. Trucks and trailers are independent items which are separately licensed[4] and titled.[5] Hitching the truck and trailer together does not change that fact. Heller admitted that he knew both the truck and the trailer were stolen and he received them for the purpose of depriving owners of their lawful interest. This establishes a factual basis that he received two separate stolen items. To the extent that Heller is arguing that they were a single unit because he received them at the same time, "[w]hether the defendant received multiple items of stolen property on one or more occasions is relevant only in determining whether the defendant's double jeopardy rights were violated." State v. Shinkle , 340 S.W.3d 327, 333 (Mo. App. W.D. 2011). The application of double jeopardy to this case is analyzed in Point Three. Point One is denied.
Point Two
Heller argues in his second point on appeal that the trial court clearly erred because the motion court denied his claim regarding a lack of factual basis for accepting his guilty pleas on each of the two counts of receipt of stolen property since the motion court applied the incorrect standard of review. Heller argues that the motion court erred because nowhere in the findings of fact and conclusions of law was there a statement setting forth the standard of review for evaluating a factual basis such as the one he raises in his brief to this Court.
"Rule 24.035 requires the motion court to 'issue findings of fact and conclusions of law on all issues presented.' " Adams v. State , 483 S.W.3d 480, 483 (Mo. App. W.D. 2016) (quoting Voegtlin v. State , 464 S.W.3d 544, 556 (Mo. App. E.D. 2015) ). "While there is no precise formula *470 to which findings of fact and conclusions of law must conform, they must address all of the issues raised and be sufficiently specific to allow for meaningful appellate review." Id.
The motion court was under no obligation to use specific language to make clear the standard used to review each separate allegation raised in the case. The motion court made clear that it was resolving Heller's factual basis claim. The motion court then went on to make clear that Heller had admitted to committing all elements of each receiving stolen property offense and that no other facts were necessary to show that the two items of stolen property would separately support an offense. The motion court used the appropriate standard of review by assessing whether Heller admitted to committing all the elements of each offense and admitted to facts necessary to form the factual basis of each offense. Point Two is denied.
Point Three
Heller argues in his third point on appeal that the motion court clearly erred in overruling his Rule 24.035 motion because the face of the charging document and the guilty plea record clearly demonstrates that he could not be charged with separate counts of receipt of stolen property since it violated his freedom from double jeopardy.[6] Heller argues that because the truck and the trailer were connected as one unit when the police observed them and the prosecution's recitation of the facts of the case at the guilty plea hearing failed to state a separate time and place of receipt of each item, charging him with Counts III and IV is a violation of his freedom from double jeopardy.
A "guilty plea does not waive a double jeopardy violation if it can be determined from the face of the record that the sentencing court had no power to enter the conviction or impose the sentence." Mullins v. State , 262 S.W.3d 682, 685 (Mo. App. E.D. 2008). "A movant can raise a double jeopardy claim in a [Rule] 24.035 proceeding if the indictment or information and the guilty plea transcript show that the conviction or sentence violates the Double Jeopardy Clause." Id. "Because double jeopardy is an affirmative defense, it is the defendant's burden to prove that double jeopardy applies." Shinkle , 340 S.W.3d at 334.
"A single act of receiving stolen property in one transaction has been held to be but one crime and not divisible into separate crimes because the stolen property belonged to different owners." State v. Gardner , 741 S.W.2d 1, 5 (Mo. banc 1987). However, receiving different articles of stolen property at different times constitutes separate crimes, regardless if all the property is found in defendant's possession at the same time and place. Id. "[N]o indictment or information shall be deemed invalid, nor shall the trial, judgment or other proceeding thereon be stated, arrested or in any manner affected: (5) omitting to state the time at which the offense was committed, in any case where time is not the essence of the offense[.]" Id. at 6 (citing section 545.030). Thus, the State had no statutory burden to prove that Heller received the stolen items at separate times. Shinkle, 340 S.W.3d at 333.
Here, the record is silent on its face as to whether Heller received the stolen property in one transaction or in two, and therefore it is silent as to whether two convictions for receiving of stolen property violated the Double Jeopardy Clause. "A movant can raise a double jeopardy claim in a [Rule] 24.035 proceeding if the indictment or information and the guilty plea transcript show that the conviction or sentence *471 violates the Double Jeopardy Clause." Mullins , 262 S.W.3d at 685 (emphasis added). Nothing on the face of the record showed that the Double Jeopardy Clause had been violated. When the record is silent whether the Double Jeopardy Clause has been violated, the burden is on Heller as double jeopardy in this context is an affirmative defense.
Heller failed to meet his burden to establish a double jeopardy defense. The only evidence that Heller presented to the motion court that the truck and trailer were received at the same time as part of a single transaction was his own testimony, which the motion court specifically determined to be not credible. The State did not have the burden of presenting evidence that the truck and trailer were received at different times. It is a reasonable inference that the truck and the trailer were received at different times as they were stolen from two different people at two different locations at two different times. We defer to the motion court's determination of credibility. Hurst , 301 S.W.3d at 117. Heller's counsel even testified that she believed the evidence supported separate counts of receiving stolen property because she believed the evidence supported that the property was received at two different times. Since Heller presented no credible evidence at his motion hearing that he received the truck and trailer at the same time or any other credible evidence that double jeopardy applies, he did not meet his burden. Point Three is denied.
Conclusion
The motion court's judgment is affirmed.
All concur

All rule references are to the Missouri Supreme Court Rules (2017), unless otherwise noted.

An "open guilty plea" means that each party was free to argue to the sentencing court any sentence within the range of punishment and the sentencing court would have sole discretion to sentence him anywhere within the range of punishment for the offenses to which he was pleading guilty.

All statutory reference are to RSMo 2016 as supplemented through December 31, 2016, unless otherwise indicated.

Section 301.130.5, RSMo.

Section 144.070, RSMo.

Mo. Const. art. I, sec. 19 ; U.S. Const. Amend. X.