

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| **RAYMOND G. PENDLETON,** | ) | |
| | ) | **WD81347** |
| **Appellant,** | ) | |
| **v.** | ) | **OPINION FILED:** |
| | ) | |
| **STATE OF MISSOURI,** | ) | **March 26, 2019** |
| | ) | |
| **Respondent.** | ) | |

**Appeal from the Circuit Court of Buchanan County, Missouri**
**Honorable Daniel Fred Kellogg, Judge**

**Before Division One:**
**Cynthia L. Martin, P.J., Victor C. Howard, and Thomas H. Newton, JJ.**

Mr. Raymond G. Pendleton appeals a Buchanan County Circuit Court judgment dismissing a Rule 24.035 motion following his guilty plea to a class B felony charge of driving while intoxicated. He contends that the court failed to make sufficient findings and conclusions about alleged exceptions to the motion's untimely filing. We reverse and remand for the motion court to make specific findings of fact as to the circumstances beyond Mr. Pendleton's control allegedly resulting in an untimely filed Rule 24.035 motion.

After Mr. Pendleton pleaded guilty in 2015 to the class B felony of driving while intoxicated, the Buchanan County Circuit Court sentenced him to five years' imprisonment. He was delivered to the Department of Corrections on October 5, 2015,

which meant, in the absence of an appeal, that his post-conviction motion was due no later than April 4, 2016.[1] Mr. Pendleton's Rule 24.035 motion to vacate, set aside, or correct the judgment or sentence was notarized on March 30, 2016, and he testified by deposition that he deposited the motion with sufficient first-class postage in a prison mailbox that day. The court clerk date stamped the motion as filed on April 6, 2016. Appointed counsel timely filed an amended motion under Rule 24.035, raising, among other matters, the claim that Mr. Pendleton's late filing of the *pro se* motion fell within a recognized exception under *Dorris v. State*, 360 S.W.3d 260 (Mo. banc 2012), i.e., the late filing was caused by circumstances beyond Mr. Pendleton's control, the court misfiled the motion, or it should be deemed timely filed under the "mailbox rule" which had not yet been adopted in Missouri.[2]

The motion court conducted an evidentiary hearing that mainly involved a substantive issue raised in the amended motion, but also included the testimony of Mr. Pendleton's wife about notes she had taken regarding the date on which he had purportedly mailed the motion. While the motion court kept the record open to receive additional evidence, it entered a judgment of dismissal before that evidence was presented, dismissing the Rule 24.035 motion as untimely.[3] In that judgment, the motion court recited the relevant dates, set forth the Rule 24.035 requirement, and

[1] The 180-day limitation period actually ended on April 2, 2016, but that was a Saturday.

[2] Mr. Pendleton has not urged this Court on appeal to adopt and apply the "mailbox rule" in his case. The mailbox rule was added to Rule 24.035 in 2016 and took effect July 1, 2017.

[3] The additional evidence consisted of a drug investigator's testimony about whether and under what circumstances he had used Mr. Pendleton as a confidential informant, as well as Mr. Pendleton's transcribed deposition testimony. It appears that the motion court thereafter set aside the July 11, 2017, judgment pending the receipt of evidence on August 11, 2007.

concluded, "As Movant filed the instant motion 182 days after such initial delivery it is untimely, and therefore must be dismisssed, this 11th day of July, 2017."

Mr. Pendleton filed an amended motion to reconsider dismissal or in the alternative a motion for amended judgment on July 19, 2017. This motion reiterated his arguments about the timeliness of a Rule 24.035 motion and its exceptions, with reference to the circumstances of his case, and further sought, under Rule 78.07(c), an amendment to the July 11, 2017, judgment to include additional findings of fact and conclusions of law on the *pro se* motion's timeliness. According to the motion, because the "judgment makes no findings on Movant's claim tha[t] exceptions apply, the Court of Appeals would necessarily be required to supply findings and conclusions by implication, which would constitute an improper ***de novo*** review." Mr. Pendleton's deposition transcript was attached to the motion. After setting aside the July 11, 2017, judgment, the motion court heard additional testimony on the Rule 24.035 amended motion during an August 11, 2017, hearing at which Mr. Pendleton's deposition was formally admitted into evidence. The motion court entered a judgment of dismissal on August 22, 2017, again with minimal findings and conclusions.[4] Mr. Pendleton filed a

---

[4] In full, this judgment states the following:

> Movant pled guilty to the Class B Felony of Driving While Intoxicated on the 6th day of April, 2015, in the case of *State of Missouri v. Raymond* [*G.*] *Pendleton*, Case #13BU-CR02451-01. On the 1st day of October, 2015, the Court sentenced Movant to five years in the Department of Corrections. Movant was delivered to the Department of Corrections on the 5th day of October, 2015.

> Movant filed his *pro se* Motion to Vacate, Set Aside or Correct the Judgment or Sentence on April 6, 2016. Missouri Rule of Criminal Procedure 24.035 requires that such post-conviction motions must be filed within 180 days of the Movant's delivery to the Department of Corrections. As Movant filed the instant motion 182 days after such initial delivery it is untimely, and therefore must be dismissed, this 22nd day of August, 2017.

3

motion to amend this judgment seeking specific findings under Rule 78.07(c) on the applicability of the second and third *Dorris* exceptions and presenting arguments similar to those raised in the alternative motion filed in July 2017.[5] The motion court did not rule on this motion, so it was deemed overruled ninety days later. Rule 78.06. Mr. Pendleton appeals.

## Legal Analysis

In the sole point relied on, Mr. Pendleton argues that the motion court failed to make adequate findings of fact and conclusions of law with the degree of specificity required for meaningful appellate review under Rule 24.035(j).[6] According to Mr. Pendleton, the motion court simply found that the post-conviction motion was filed two days late and did not make any findings relating to his claim that the motion was late due to circumstances beyond his control or to misfiling by the court. The State argues, in part, that Mr. Pendleton waived this claim by failing to file a motion to amend the judgment under Rule 78.07(c). We disagree. As stated above, Mr. Pendleton filed a motion to amend under Rule 78.07(c) as to both the July 11 and August 22, 2017, judgments. Accordingly, we will address the point on the merits.

Our review of a motion court's disposition of a Rule 24.035 motion is circumscribed. Rule 24.035(k).

> Appellate review of a motion court's dismissal of a post-conviction relief motion is limited to determining whether the findings and conclusions of law are clearly erroneous. A motion court's findings and conclusions are

---

[5] Missouri courts have recognized two specific circumstances that may excuse late filings: "(1) when post-conviction counsel abandons the movant; and (2) when rare circumstances outside the movant's control justify late receipt of the motion." *Watson v. State*, 520 S.W.3d 423, 429 (Mo. banc 2017) (citation omitted). These comprise the second *Dorris* exception; the third is that the court misfiled the motion. *Dorris v. State*, 360 S.W.3d 260, 267 (Mo. banc 2012).

[6] Rule 24.035 states in relevant part, "The court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." Rule 24.035(j).

4

clearly erroneous if this Court is left with the definite and firm impression that a mistake has been made after a review of the entire record.

*Propst v. State*, 535 S.W.3d 733, 735 (Mo. banc 2017) (citation omitted). "At a post-conviction relief evidentiary hearing, the motion court determines the credibility of the witnesses and is free to believe or disbelieve the testimony of any witness, including that of the Movant." *Heller v. State*, 554 S.W.3d 464, 468 (Mo. App. W.D. 2018) (citation omitted). On appeal, "[t]he movant bears the burden of demonstrating clear error." *Id.*

As to the timeliness of a Rule 24.035 motion, the failure to timely file "shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035." Rule 24.035(b). Because Mr. Pendleton did not file an appeal from the judgment or sentence that he sought to vacate, set aside, or correct, his motion was required to be filed within 180 days of the date he was delivered to Department of Corrections' custody. Rule 24.035(b). His motion was date stamped by the court clerk two days outside that period; thus his claim was subject to complete waiver unless he could prove by a preponderance of the evidence that his motion fell within a recognized exception to the time limits or that the court misfiled the motion. *Dorris*, 360 S.W.3d at 267.

In its ruling on Mr. Pendleton's motion, the motion court did not make any findings of fact, other than setting forth the relevant dates, and simply concluded that the motion was "untimely." The State contends, on the merits, that the motion court, by finding the *pro se* motion untimely, rejected Mr. Pendleton's claim that it was untimely due to circumstances beyond his control. We disagree. "[T]he rule that

5

findings will be implied as consistent with the judgment has no application in post-conviction cases." *Haskett v. State*, 152 S.W.3d 906, 910 (Mo. App. W.D. 2005).

Here, the motion court did not address Mr. Pendleton's deposition testimony which alleged that he deposited the motion on the day it was notarized—March 30, 2016—with sufficient first-class postage, into a locked box on his floor where mail was collected and then taken to the prison mail room for delivery. Because the prison was located in the same city as the courthouse, he believed it would be delivered by the April 4, 2016, deadline. He did, however, acknowledge that the five days included a weekend and that he had experienced delays in the delivery and receipt of his mail due to staffing problems in the mail room. While he claimed in his amended Rule 24.035 motion that the court clerk may have misfiled the *pro se* motion, Mr. Pendleton testified that he did not know what process was followed in the clerk's office. The amended motion also indicated that Mr. Pendleton would call the court clerk to testify "that it is standard practice to scan and e-file the envelope containing a postconviction movant's Form 40." A scanned envelope is not included in the case file, and Mr. Pendleton has argued that this missing evidence could be proof of the court misfiling his motion. The court clerk did not testify during Mr. Pendleton's post-conviction relief hearing. The only other evidence about the date the motion was sent to the courthouse was presented through the post-conviction evidentiary hearing testimony of Mr. Pendleton's wife. The motion court also did not address this testimony. Mr. Pendleton's wife testified that she recorded in a notebook concerning Mr. Pendleton's case that he had mailed the motion on March 30, 2016. The State objected to the evidence as inadmissible hearsay, but the motion court overruled the objection. The notation was based on what Mr.

6

Pendleton told her, and the document about which she testified during the hearing was a photocopy on which the month had apparently been cut off. Her testimony was not compelling.

Yet, "Rule 24.035 requires the motion court to issue findings of fact and conclusions of law on all issues presented." *Heller*, 554 S.W.3d at 469. "While there is no precise formula to which findings of fact and conclusions of law must conform, they must address all of the issues raised and be sufficiently specific to allow for meaningful appellate review." *Id.* at 469-70. This requirement is not "ambiguous, nor is it simply a formality." *Bode v. State*, 316 S.W.3d 406, 411 (Mo. App. W.D. 2010). Still, exceptions to this general rule are recognized.[7] "One of these exceptions arises where the motion court grants a hearing on the motion and the movant fails to present substantial evidence at the hearing to support that allegation." *Id.* (citation omitted).

While *Bode* involved a movant's failure to present *any* evidence in support of certain claims raised in the *pro se* motion, the legal principle is stated as the presentation of "substantial evidence." *Id.*[8] We have defined "substantial evidence" as follows:

---

[7] See *Johnson v. State*, 470 S.W.3d 1, 4-5 (Mo. App. W.D. 2015), for a more comprehensive recitation of the recognized exceptions to the general rule about the motion court making findings and conclusions. The exception we address here is the only one that may apply. The others are (1) the only issue before the court is one of law, and conclusions of law were made; (2) the court did not issue a proper conclusion of law on an isolated issue, the movant was clearly not entitled to relief as a matter of law, and no prejudice will result if remand is denied; (3) there were issues not properly raised or not cognizable in a post-conviction motion; (4) the motion itself was insufficient; and (5) the movant failed to file a Rule 78.07(c) motion to amend the judgment thus failing to bring to the motion court's attention the lack of required findings of fact or conclusions of law. *Id.*

[8] In other cases reciting this exception to the general rule, the movant typically presented no evidence during the evidentiary hearing regarding a claim set forth in the post-conviction relief motion, so the court found no error in the motion court's failure to make findings of fact or conclusions of law. *See, e.g., State v. Hunter*, 840 S.W.2d 850, 864 (Mo. banc 1992); and *Burton v. State*, 817 S.W.2d 928, 930 (Mo. App. E.D. 1991). In *Johnson v. State*, 615 S.W.2d 502, 506 (Mo. App. E.D. 1981), decided under a predecessor to Rule 29.15, the court found that the movant failed to raise three issues asserted in the

> Evidence which, if true, has probative force upon the issues, i.e., evidence favoring facts which are such that reasonable men may differ as to whether it establishes them; it is evidence from which the trier or triers of fact reasonably could find the issues in harmony therewith; it is evidence of a character sufficiently substantial to warrant the trier of facts in finding from it the facts, to establish which the evidence was introduced.

*Schnell v. Zobrist*, 323 S.W.3d 403, 412 (Mo. App. W.D. 2010) (citations omitted).  We believe that, under this definition, Mr. Pendleton's deposition testimony presented substantial evidence on the question of whether circumstances beyond his control were responsible for the late filing of his *pro se* Rule 24.035 motion.  If true, the evidence has probative force on whether circumstances beyond Mr. Pendleton's control prevented him from timely filing his post-conviction relief motion.  While the motion court may not have believed his testimony or may have found it insufficient in the absence of additional witnesses who could have been called to testify about staffing in the prison mail room or about the mail handling and filing practices in the courthouse, because the court issued no findings, we would have to speculate as to whether its ruling reflected a credibility or sufficiency determination, which has implications for the level of scrutiny we apply to its ruling.  Because we are unable to determine whether the trial court's findings are clearly erroneous, given the lack of any findings on the exceptions to the timely filing rule, we grant this point.

**Conclusion**

Mr. Pendleton submitted substantial evidence relating to the alleged circumstances beyond his control that he contends delayed the filing of his Rule 24.035

---

post-conviction motion during the evidentiary hearing, thus excusing the motion court's failure to make specific findings as to these issues.  The court further noted that the motion court did, however, find that "there has been no believable or credible evidence in support of movant's allegations."  *Id.*  Even if such findings would be deemed sufficient, the motion court here failed to make even these findings.

8

motion.  Accordingly, the motion court, because it was requested to do so by means of a Rule 78.07(c) motion, was required to make specific findings of fact on this issue. Because it did not do so, we reverse and remand for the court to amend its judgment and make specific findings of fact.

/s/ *Thomas H. Newton*
Thomas H. Newton, Judge


Cynthia Martin, P.J., and Victor Howard, J. concur.