

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,                )
                                  )
    Plaintiff-Respondent,         )
                                  )
v.                                )    No. SD37758
                                  )    Filed: **October 17, 2023**
THAISEN PAUL OLLERICH,            )
                                  )
    Defendant-Appellant.          )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Thomas E. Mountjoy, Circuit Judge

**<u>AFFIRMED</u>**

Thaisen Ollerich ("Ollerich") appeals the judgment of the trial court convicting him, after a jury trial, of one count of second-degree statutory rape under Section 566.034 (Count I), four counts of second-degree statutory sodomy under Section 566.064 (Counts II-V), and one count of fourth-degree child molestation under Section 566.071 (Count VI).[1] Ollerich challenges only his convictions for second-degree statutory sodomy (Counts II-V). Ollerich alleges the trial court plainly erred in entering a judgment convicting him of four counts of second-degree statutory sodomy in violation of Ollerich's right to be free from double jeopardy because "the

---

[1] All statutory references are to RSMo 2016, including, as applicable, statutory changes effective January 1, 2017. All rule references are to Missouri Court Rules (2022).

second-degree statutory sodomy statute [Section 566.064] limits the unit of prosecution for all acts constituting that offense that occur in a single incident, in that there was no evidence presented that the acts making up the four statutory sodomy counts occurred at different times, so there can only be one conviction." We affirm the trial court's judgment.

## Factual Background and Procedural History

The State charged Ollerich in Count II with "touching his hand to [ZF]'s vagina," in Count III with "putting his mouth on [ZF]'s genitals," in Count IV with "putting his genitals in [ZF]'s mouth," and in Count V with "putting his genitals in [ZF]'s hand."

At trial, the State questioned ZF about her interactions with Ollerich. ZF testified when she was 16 that Ollerich told her (wrongly) that 16 is the age of consent for sexual relations in Missouri. Ollerich applied lotion to himself and inserted his penis in ZF's vagina. Ollerich touched "pretty much every inch of [ZF]'s body." ZF's hands, mouth, and vagina touched Ollerich's penis, and ZF performed oral sex on Ollerich. Ollerich's "private area," hands, and mouth touched ZF's vagina.

The jury found Ollerich guilty. The trial court entered judgment and sentenced Ollerich to two years' imprisonment on each of Counts II through V, with the sentences to run consecutively to each other, but concurrently to any existing sentence. Ollerich appealed.

## Standard of Review

Ollerich acknowledges he failed to preserve his claim and requests plain error review. "Plain error review is discretionary." *State v. Onyejiaka*, 671 S.W.3d 796, 798 (Mo. banc 2023) (quoting *State v. Minor*, 648 S.W.3d 721, 731 (Mo. banc 2022)). "Rule 30.20 is the exclusive means by which an appellant can seek review of *any* unpreserved claim of error and said claim— no matter if it is statutory, constitutional, structural, or of some other origin—is evaluated by this

2

Court's plain error framework without exception." ***State v. Brandolese***, 601 S.W.3d 519, 530 (Mo. banc 2020). Under Rule 30.20, "plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20. "This Court will not exercise its discretion to conduct plain error review 'unless the claimed error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted.'" ***Onyejiaka***, 671 S.W.3d at 798 (quoting ***Brandolese***, 601 S.W.3d at 526). "Generally, constitutional issues must be raised at the earliest possible opportunity to be preserved for appellate review." ***Id.*** (citing ***State v. Liberty***, 370 S.W.3d 537, 546 (Mo. banc 2012)). "However, 'a double jeopardy allegation determinable from the face of the record is entitled to plain error review on appeal.'" ***Id.*** (quoting ***Liberty***, 370 S.W.3d at 546).

### Analysis

Ollerich alleges the trial court plainly erred in violating his right to be free from double jeopardy by entering a judgment convicting him of four counts of second-degree statutory sodomy because Section 566.064 requires the State to prove "deviate sexual intercourse," but the definition of "deviate sexual intercourse" in Section 566.010(3) referring to "any act" is ambiguous concerning "the intended unit of prosecution" and the rule of lenity and Section 1.030 require an interpretation of "deviate sexual intercourse" prohibiting multiple convictions where "there was no evidence presented that the acts making up the four statutory sodomy counts occurred at different times."

We decline discretionary plain error review because Ollerich's double jeopardy allegation is not determinable from the face of the record. *See, e.g.*, ***State v. Oglesby***, 621 S.W.3d 500, 504-08 (Mo.App. 2021) (denying plain error review when appellant "failed to make a threshold

3

showing that a double jeopardy violation is determinable from the face of the record").

Specifically, there is no evidence in the record that the charged acts did not occur separately, and a reasonable juror could infer that each charged act occurred separately based on ZF's testimony. Ollerich speculates the four charged acts of second-degree statutory sodomy "could occur simultaneously" and argues "there was no evidence presented at trial that these four acts did not occur simultaneously."[2] Ollerich's sheer speculation does not establish a double jeopardy violation determinable from the face of the record. And Ollerich's request that we grant plain error review based on his sheer speculation would require us to disregard our standard of review. "This Court reviews the evidence in the light most favorable to the jury's verdict." *State v. Vandergrift*, 669 S.W.3d 282, 291 n.9 (Mo. banc 2023) (quoting *State v. Celis-Garcia*, 344 S.W.3d 150, 152 (Mo. banc 2011)). Ollerich's request also would turn the burden of proof on its head. "Because double jeopardy is an affirmative defense, it is the defendant's burden to prove that double jeopardy applies." *Heller v. State*, 554 S.W.3d 464, 470 (Mo.App. 2018) (quoting *State v. Shinkle*, 340 S.W.3d 327, 334 (Mo.App. 2011)). Point denied.

---

[2] To be clear, in declining plain error review, we do not suggest that a double jeopardy violation would exist had the evidence shown some or all of the charged acts occurred simultaneously. *See State v. Jackson*, 410 S.W.3d 204, 218 (Mo.App. 2013) (holding no double jeopardy violation because multiple sodomy counts were separate offenses and not part of a continuing course of conduct under prior definition of "deviate sexual intercourse" in Section 566.010(2) as "any sexual act . . . .") ("The statute defines deviate sexual intercourse as any act, singular. . . . [A]lthough the separate acts may be part of the same transaction or set of circumstances, they are still separate offenses by law."); *Bland v. State*, 805 S.W.2d 192, 194 (Mo.App. 1991) (finding no double jeopardy violation for multiple convictions for sodomy even though "the three separate acts arose from the same set of circumstances or 'same transactions.'"). *See also State v. Nibarger*, 304 S.W.3d 199, 204-05 (Mo.App. 2009) (declining plain error review of alleged double jeopardy violation as to two counts of child molestation where child molestation convictions required proof of "sexual contact," which was defined as "any touching . . . .") ("Though the alleged offenses occurred in the same episode . . . each alleged offense required proof of a fact not required by the other. Each count required proof that Nibarger touched a different and distinct part of A.N.'s body.").

4

**Conclusion**

The trial court's judgment is affirmed.

GINGER K. GOOCH, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

JACK A. L. GOODMAN, C. J. – CONCURS